*J. R. Hutcheson,* contra.

---

## ANTONOPOULAS v. THE STATE.

PER CURIAM. "Where one has pleaded guilty to a misdemeanor charge and has been placed on probation and his sentence so molded by the court as to allow him to serve the sentence outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court, and in such manner and on such conditions as the court may see fit to impose, in accordance with the provisions of the act of the General Assembly, approved August 16, 1913 (Ga. L. 1913, p. 112; Park's Penal Code, § 1081 (a), (b), (c), (d) ), and thereafter, but prior to the expiration of the sentence, the probationer is brought before the court on the charge that he has been delinquent in observing the rules prescribed by the court for his conduct, and where, after due examination, the court revokes its leave to the probationer to serve the remainder of his sentence outside the confines of the chain-gang, jail, or other place of detention, the order of the court revoking the probationer's "parole" is not such a final judgment as is subject to review on a bill of exceptions.

         *All the Justices concur, except*

HILL and GILBERT, JJ., dissenting. Compare State v. Hoggard, 180 N. C. 678 (103 S. E. 891), and authorities cited.

         No. 2328. APRIL 16, 1921.

The Court of Appeals certified (in Case No. 11872) a question, to which the ruling in the headnote is an answer.

*C. Vernon Elliott* and *Callaway & Howard,* for plaintiff in error.

*W. Inman Curry, solicitor,* contra.