## 11872.  ANTONOPOULAS v. THE STATE.

Where one is sentenced for a violation of a criminal statute, and, under the provisions of the act of the General Assembly approved August 16, 1913 (Ga. L. 1913, p. 112; Park's Penal Code § 1081 (a), (b), (c), (d)), on certain conditions named in the order, is allowed to serve the sentence "outside the confines of the chain-gang, jail, or other place of detention," and, while serving the sentence, violates the terms of his parole, and the court, upon the defendant being brought before it and after due examination, revokes its leave to the defendant to serve his term outside the chain-gang or other place of detention, this is not such a final judgment as is subject to review on a bill of exceptions.

DECIDED MAY 11, 1921.

Accusation of violation of prohibition law; revocation of parole under sentence; from city court of Richmond county — Judge Black.  September 27, 1920.

*C. Vernon Elliott, Callaway & Howard*, for plaintiff in error.

*W. Inman Curry, solicitor*, contra.

BLOODWORTH, J.  In the city court of Richmond county Nick Antonopoulas pleaded guilty to an accusation in which he was charged with a violation of the prohibition laws of the State, and was sentenced to pay a fine of $800 and to work on the chain-gang for twelve months.  The order provides that if the fine be paid immediately the sentence to work on the chain-gang "will be suspended and the defendant paroled and permitted to serve said sentence outside the confines of the chain-gang, upon condition that he do not have in his possession or control in this State any alcoholic, spirituous, malt, or other intoxicating liquors, or any of the beverages, liquors, or drinks prohibited by law, and shall not violate any of the provisions of the prohibition laws of Georgia, said parole to continue as long as the above conditions are complied with.  Should the said defendant violate any of the said conditions of said parole, such violation shall of itself revoke the parole hereby granted, and the sentence herein imposed shall immediately become operative."  The solicitor of the city court of Richmond county filed a petition in which he alleged that "said Antonopoulas paid said fine and was thereupon paroled," and " that on the 24th day of September, 1920, a quantity of whisky was found in the possession of Nick Antonopoulas, as well as other evidences that he was violating the prohibition laws of Georgia in violation of his parole."  Upon the defendant being brought before the court

and after hearing evidence, the judge revoked the parole and ordered that the defendant " serve the remaining portion of his sentence within the confines of the chain-gang on the public roads of said county or on such other public works of said county as the authorities may employ the chain-gang." Antonopoulas excepted. This court certified to the Supreme Court the question whether or not the judgment revoking the parole is such a final judgment as is subject to review on a bill of exceptions. That court (151 *Ga.* 466) answered as follows : "Where one has pleaded guilty to a misdemeanor charge, and has been placed on probation, and his sentence so molded by the court as to allow him to serve the sentence outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court, and in such manner and on such conditions as the court may see fit to impose, in accordance with the provisions of the act of the General Assembly, approved August 16, 1913 (Ga. L. 1913, p. 112; Park's Penal Code, § 1081 (a), (b), (c), (d)), and thereafter, but prior to the expiration of the sentence, the probationer is brought before the court on the charge that he has been delinquent in observing the rules prescribed by the court for his conduct, and where, after due examination, the court revokes its leave to the probationer to serve the remainder of his sentence outside the confines of the chain-gang, jail, or other place of detention, the order of the court revoking the probationer's parole is not such a final judgment as is subject to review on a bill of exceptions." Compare State *v.* Hoggard, (N. C.) 103 S. E. 891, and authorities cited.

Under this ruling the writ of error must be and is

       *Dismissed. Broyles, C. J., and Luke, J., concur.*