## 12841.   JACKSON *v.* THE STATE.

An order revoking the probation of one convicted of crime and granted leave " to serve his sentence outside the confines of the chain-gang, jail, or other place of detention," as provided by the act of 1913 (Park's Penal Code, § 1081(a) et seq.), is not such a judgment as is subject to review on a bill of exceptions.

DECIDED NOVEMBER 17, 1921.   REHEARING DENIED DECEMBER 13, 1921.

Indictment for violation of prohibition law; revocation of parole under sentence; from Cobb superior court — Judge Blair. August 8, 1920.

*Mozley & Gann,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

BLOODWORTH, J.   The record in this case shows that defendant was sentenced in two cases, numbers 3892 and 3893, and a probation sentence entered in each.   The bill of exceptions recites that a rule nisi was issued against J. S. Jackson, requiring him to show cause why his probation should not be revoked, and why he should not serve the sentence heretofore imposed upon him in the chain-gang of the county, and it also recites that " respondent filed his answer denying that he had violated the terms of any existing probation sentence of force against him."   Upon the hearing of the issue thus raised the judge passed the following order:   " that the probation sentence heretofore imposed and granted in cases Nos. 3892 and 3893 be and they are revoked, and that respondent J. S. Jackson, defendant in said two cases, serve twelve months in the chain-gang, and that he be accordingly delivered over to the chain-gang authorities of Cobb county, Georgia."   The accused excepted and brought the case to this court.   The bill of exceptions is clearly one from an order of the court revoking a parole, and is controlled by the ruling in *Antonopoulas* v. *State,* 26 *Ga. App.* 787 (107 S. E. 359), which holds that such an order is not subject to review on a bill of ex-

ceptions. See also *Troup* v. *State, 27 Ga. App.* 636 (109 S. E. 681).

Under the foregoing ruling this court has no authority to pass upon the merits of the issues raised before the judge of the superior court, and determine whether or not the order of said judge is "contrary to law and contrary to the evidence and without evidence to support the same."

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*