### 17029.  SLAGLE *v.* THE STATE.

BLOODWORTH, J.  1. Where a defendant was sentenced to serve a sentence outside the confines of the chain-gang upon compliance with certain terms of probation, and where after the sentence and prior to its expiration the trial judge issued an order requiring the defendant to show cause why the probation should not be revoked, which order was placed in the hands of an arresting officer of the county, and the defendant, having been acquainted with this fact, defied arrest by the officers, and where there was ample evidence that the defendant violated the terms of the probation, and where the trial judge, under these facts and before the expiration of the original sentence, revoked the probation and ordered the defendant to serve the remainder of the sentence inside the chain-gang, and where the defendant could not be, and was not, caught by the officers until after the expiration of the original sentence, at which time, after due examination, he was again sentenced, such lapse of time did not invalidate the orders of the court or prevent the service of the

---

Criminal Law, 16 C. J. p. 1373, n. 75; 17 C. J. p. 33, n. 30.

sentence imposed. *Shamblin* v. *Penn,* 148 *Ga.* 592 (2) (97 S. E. 520).

2. While certain collateral issues have been invoked in this case, the real and controlling issue is whether or not the judge erred in revoking the permission for the defendant to serve his term outside the chain-gang; and where one is sentenced for a violation of a criminal statute, and, on conditions named in the order, is allowed to serve the sentence outside the confines of the chain-gang, and, while thus serving the sentence, violates the terms of his parole, and becomes a fugitive from justice, and thereafter the court, "after hearing evidence and due examination into the premises," revokes the permission for the defendant to serve his term outside the chain-gang, this is not such a final judgment as is subject to review on a bill of exceptions. *Antonopoulas* v. *State,* 26 *Ga. App.* 787 (107 S. E. 359).

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 2, 1926.

Revocation of probation; from Gordon superior court—Judge Tarver. October 3, 1925.

*J. M. Lang,* for plaintiff in error.

*C. C. Pittman,* solicitor-general, contra.