## WILLIAMS v. THE STATE.

1. The exceptions in which it is insisted that the act of the General Assembly approved August 16, 1913, providing for probation of offenders in certain cases (Ga. L. 1913, p. 112), is unconstitutional are not meritorious.

(a) The aforesaid act is not unconstitutional for the reason "that the same is in conflict with art. 5, [sec. 1], par. 12, of the constitution of the State of Georgia, in that the same attempts to delegate to the courts of this State the pardoning or suspending of a sentence of a person convicted of crime, when such power under said constitutional provision is lodged in the Governor of the State."

(b) Nor is said act in violation of the due-process clause of the 14th amendment to the constitution of the United States, upon the ground that the act attempts to cause the probationer to serve an antecedent sentence for the commission of an alleged subsequent offense, without any provision for any legal proceeding or trial to determine his guilt or innocence as to the second offense.

(c) Nor is the aforesaid act in violation of that equal protection of the laws guaranteed to all citizens.

(*d*) Nor is the aforesaid act unconstitutional because in violation of art. 6, sec. 18, par. 1, of the constitution of Georgia, because no provision is made for a trial by jury upon the hearing had to determine whether the parole shall be revoked.

2. One who is sentenced upon his plea of guilty in a misdemeanor to pay a fixed sum of money as a fine and also to serve a term named in the sentence in a chain-gang, jail, or elsewhere as may be designated by the proper authorities, with a provision in said sentence that upon payment of the fine the defendant may be released from custody and serve the chain-gang or other sentence "outside the confines of the chain-gang, jail, or other place of detention, under the supervision of the court and in such manner and on such conditions as it may see fit," and who pays the fine and obtains his release from custody upon his tacit acceptance of the terms of the parole, is not in a position to assert that the provision for his probation in the sentence is void for any reason. Such an assignment of error presents nothing for the consideration of this court, because, even if the contention of the person sentenced were sustained and the portion of the sentence relating to his parole avoided, still the sentence of the court, inasmuch as it legally imposed no greater penalty than that authorized by law (being unaffected by the parole provision), would become immediately effective and enforceable.

3. Upon the hearing which it is provided must be had before the court in order that "the court after due examination may revoke" a parole or probation, the parole can not lawfully be revoked as a mere matter of caprice. In such hearing the judge is the sole judge of the credibility of the witnesses, but he is not permitted to withdraw a parole unless there be sufficient evidence to authorize a finding that one or more of the conditions upon which the parole was granted has been violated. Consequently, where in a hearing such as above referred to no evidence is produced before the court from which it can be determined whether the criminal act charged against the probationer as in violation of his parole was committed prior to the imposition of the sentence or subsequent thereto, a finding revoking the parole would be contrary to law and would not be authorized. The evidence at the "examination" before the judge of the city court did not sufficiently disclose *where* or *when* the alleged violation of the probationer's parole occurred. There was a review of the judgment revoking the parole of the probationer by certiorari, and the judge of the superior court erred in overruling the certiorari and in not sustaining the same upon the ground that the evidence in the record was insufficient to show that there had been a breach by the defendant of the condition upon which the parole had been granted.

No. 5211. JUNE 18, 1926.

Certiorari. Before Judge Franklin. Richmond superior court. September 26, 1925.

On November 22, 1924, in the city court of Richmond county Joe Williams pleaded guilty to the offense of a misdemeanor. The court imposed the following sentence: "The above-named defendant having pleaded guilty in the above-stated case to the

charge of violating the prohibition law, at the present term of the city court of Richmond county, it is ordered that said Joe Williams pay a fine of two hundred dollars to include the cost of this prosecution, and that he do work in the chain-gang on the public roads of said county, or on such other public works as the county or State authorities may employ the chain-gang, for the term of twelve months. By virtue of the power and authority in me vested by the acts of the General Assembly of the State of Georgia, it is ordered that upon the immediate payment of the fine of two hundred dollars the sentence to work in the chain-gang on the public roads of said county, or on such other public works as the county or State authorities may employ the chain-gang, for the term of twelve months, will be suspended and the defendant paroled and permitted to serve said sentence outside the confines of the chain-gang, upon condition that he do not have in his possession or control in this State any alcoholic, spirituous, malt, or other intoxicating liquors, or any of the beverages, liquors, or drinks prohibited by law, and shall not violate any of the provisions of the prohibition laws of Georgia, said parole to continue as long as the above conditions are complied with. Should the said defendant violate any of the said conditions of said parole, such violation shall of itself revoke the parole hereby granted, and the sentence herein imposed shall immediately become operative." The defendant paid the fine of $200 imposed by the court, and was released from custody without being placed, so far as appears from the record, in the custody of either a volunteer probation officer or a county probation officer as provided by the act of 1913 (Acts 1913, pp. 112, 113, 114). Thereafter the solicitor of the city court of Richmond county filed a petition praying that the parole of Joe H. Williams be revoked, and that he be required to serve the remainder of his sentence within the confines of the said chain-gang. The petition for revocation was based upon the following grounds: "1. That on the 25th day of November, 1924, Joe H. Williams entered a plea of guilty of violating the prohibition laws of the State of Georgia, and was sentenced at the October term, 1924, of the city court of Richmond county, to pay a fine of $200 and serve twelve (12) months on the chain-gang. 2. That the said defendant was permitted to serve the chain-gang sentence outside the confines of the

chain-gang upon the condition that he would not again violate the prohibition laws of said State. 3. That the said defendant paid said fine and was paroled in accordance with said sentence. 4. That subsequent to said sentence, to wit, on the 25th day of November, 1924, the said Joe H. Williams violated the terms of his said parole and was guilty of violating the prohibition laws of Georgia."

The defendant was arrested without a warrant for the alleged violation of said parole on February 27, 1925, and was served with a copy of the petition. On February 27, 1925, on the call of the case for a hearing upon the petition for revocation of the parole the defendant interposed a demurrer to said petition, which was overruled. The demurrer was based upon the following grounds: "1. Because under the allegations of said petition there is no legal ground upon which to revoke said parole. 2. Because the act of the General Assembly, approved August 16, 1913, in reference to probation of offenders in certain cases, No. 171, Acts 1913, page 112, is unconstitutional and void in that the same is in conflict with article 5, paragraph 12, of the constitution of the State of Georgia, embodied in section 6481 of the Code of Georgia, in that the same attempts to delegate to the courts of this State of the pardoning or suspending of a sentence of a person convicted of crime, when such power under said constitutional provisions is lodged in the Governor of the State; and said act is violative of the fourteenth amendment of the constitution of the United States, which prohibits the deprivation of any person of his life, liberty, or property without due process of law, and said act of 1913 is in violation of said constitutional Federal provision, in that it is attempted to cause him to serve antecedent sentence for the commission of an alleged subsequent crime without any provision for any legal proceeding or trial to determine his guilt or innocence as to such second offense. 3. Because said act of 1913 (page 112) is in violation of the fourteenth amendment to the constitution of the United States, which provides that no State shall 'deny to any person within its jurisdiction the equal protection of laws,' and to force him to serve upon the chain-gang as a punishment for a second offense of which he is presumed to be innocent would not give him equal protection of the laws, in that a defendant similarly charged is entitled to trial; and said act of

the General Assembly is in violation of article 6, section 18, paragraph 1, of the constitution of Georgia (Code of 1910, § 6545), which entitles the accused offender to a trial by jury, unless waived. 4. Because the sentence imposed upon this defendant on November 22, 1924, was not in accordance with the said act of 1913, in that this defendant was not paroled to the custody of any probation officer; and inasmuch as it appears from the sentence that no effort was made to parole him to any probation officer, said sentence is void, except in so far as the same assessed a fine of four hundred ($400.00) [$200?] dollars upon him. 5. Because there is no allegation in said petition that this defendant has ever been legally convicted of having violated his parole."

Upon the overruling of said demurrer the defendant demanded a trial by jury, which was refused; and the court, after hearing evidence upon the petition to revoke the defendant's parole, entered an order revoking the parole. The evidence adduced upon the hearing in substance "was as follows: ——Blankenship testified that he went to petitioner's place of business at the corner of East Boundary and Sand Bar Ferry Road, just beyond the city limits of Augusta, Georgia, where he saw one Coursey deliver to petitioner $1 for the purchase of whisky, that the said Coursey and Williams went into the back room, and that the witness subsequently drank out of the bottle produced by Coursey which contained liquor. That the said Coursey testified in substance the same thing as the said Blankenship. That petitioner produced the following witnesses: Policeman McAlhaney of Aiken County, S. C., Mr. Skelterman, Aiken, S. C., all of whom being duly sworn testified as follows: That they knew witness Coursey, knew his general reputation in the community in which he lived; knew his reputation was bad, and that they would not believe him upon his oath. . . The defendant made a statement in which he denied that he had sold any liquor or had in any way dealt in the same since November 22, 1924." In answer to the writ of certiorari the judge of the city court of Richmond County, as concerning the evidence above set forth, submitted "That the said Coursey testified to the same state of facts testified to by Blankenship, with this addition: That he, the said Coursey, went into a back room of the place of business of Williams, and that Williams delivered to him in this room the bottle of whisky referred

to." On March 13, 1925, the petition for certiorari was sanctioned; and on September 26, 1925, after a hearing the petition was overruled and the writ dismissed. To this judgment the defendant excepted.

*Peebles & Bowden,* for plaintiff in error.

*George Hains, solicitor-general,* and *W. Inman Curry, solicitor,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

1. The issues raised in this case divide themselves into two branches: (1) questions presented as matters of law by the demurrer, and (2) matters both of law and fact by which the judgment of the superior court upon the certiorari is sought to be attacked. If the petition for certiorari is the proper means provided by law for reviewing and correcting the order or judgment of the city court of Richmond County in revoking the parole, then the judgment of the superior court of Richmond County in overruling and dismissing the certiorari is such a final judgment as is subject to review in this court; and since the demurrer questions the constitutionality of the act of 1913 (Georgia Laws 1913, p. 112) providing for probation of offenders in certain cases, jurisdiction of the constitutional questions presented inheres in this court, and the case was properly transferred here by the Court of Appeals.

It was held in *Antonopoulas* v. *State,* 151 *Ga.* 466 (107 S. E. 156), that "the order of the court revoking the probationer's 'parole' is not such a final judgment as is subject to review on a bill of exceptions." But the ruling in that case is not in point in the case now before us, because there has been in the case at bar a final judgment by the superior court upon the petition for certiorari, and art 6, sec. 4, par. 5, of the constitution guarantees the right of certiorari to the judgments of all inferior judicatories in this State, thus including the judgment rendered in this case by the city court of Richmond County. Furthermore, in the *Antonopoulas* case no attack was made upon the constitutionality of the act of 1913, and consequently necessarily the constitutionality of that act was assumed. Since the demurrer in this case properly questions the constitutionality of the act of 1913, we shall first consider whether the act is in reality unconstitutional. In the de-

murrer it is asserted that the act is unconstitutional and void, "in that the same is in conflict with art. 5, par. 12, of the constitution of the State of Georgia, embodied in section 6481 of the Code of Georgia, in that the same attempts to delegate to the courts of this State the pardoning or suspending of a sentence of a person convicted of crime, when such power under said constitutional provision is lodged in the Governor of the State." In our opinion this ground of the demurrer is without merit. While the Governor alone is vested with the power to pardon after final sentence has been imposed by the courts, the power of the courts to impose any penalty which may be from time to time prescribed by law and in such manner as may be defined can not be questioned. The right of the court to mold its sentence in cases where it is the duty of the court and not of the jury to fix its sentence is not limited or circumscribed otherwise than by the rule that the court can not exceed the penalty prescribed by statute. The provisions of the act of 1913 can not in any event invade the province of the executive's right to pardon or commute sentences, because the power to pardon, alter, or commute a sentence with which the Governor is vested finds no reason for its exercise until the courts have completed the judicial investigation and finally disposed of a defendant's case.

It is insisted, however, that the act of 1913 is in violation of the fourteenth amendment to the constitution of the United States, which prohibits the deprivation of any person of his life, liberty, or property, except by due process of law, in that the act attempts to cause such person to serve an antecedent sentence for the commission of an alleged subsequent crime, without any provision for any legal proceeding or trial to determine his guilt or innocence as to the second offense; and that it is also in violation of the fourteenth amendment, which forbids that any person be denied the equal protection of the laws, because to force the defendant to serve under the chain-gang sentence as a punishment for a second offense of which he is presumed to be innocent would not give him equal protection of the law, in that another defendant similarly charged would be entitled to a trial. These grounds of demurrer as presented are without merit.

It is further insisted in the demurrer that the act of 1913, supra, is in violation of art. 6, sec. 18, par. 1, of the constitution

of Georgia (Civil Code, § 6545), which entitles the accused offender to a trial by jury unless waived.

The plaintiff in error is not in position to assert the invalidity of the portion of the sentence relating to his parole and the right to serve the twelve-months sentence outside the confines of the chain-gang or other place of imprisonment provided by the proper authorities, for the reason that if it is indeed true that the sentence did not conform to the requirements of the act of 1913, with reference to the appointment of a probation officer and the placing of the defendant in charge of such probation officer as contemplated by the act, it necessarily would result that only that portion of the sentence would fall, and the defendant would be compelled to serve the sentence of twelve months in the chain-gang as originally imposed. The plaintiff in error, having elected to comply with a portion of the sentence with the expectation of deriving a benefit therefrom in the amelioration of his condition, will not now be heard to assert the invalidity of that portion of the sentence upon which alone depended his escape from the service of twelve months in a chain-gang upon the public works. It is for this reason not necessary at this time to decide the question presented as to the failure of the judge of the city court to place the plaintiff in error in charge of a probation officer; for the plaintiff in error shows no error, in that actual injury must concur with technical error to constitute such an error as will warrant reversal; and if this court were to hold the parole and the right of the plaintiff in error to serve the sentence imposed outside of the chain-gang to be void, the portion of the sentence imposing a fine of $200 and twelve months at labor upon the defendant, being one which the judge was fully authorized to impose, would be unaffected, and would require the defendant to serve the full term for which he had been sentenced.

. Section 4 of the act of 1913, supra, provides that "in case of failure to meet any of these requirements . . the court may issue a warrant directing that he [the probationer] be arrested and brought before it. When such person is brought before the court, the court after due examination may revoke its leave to the probationer to serve his sentence outside the confines of the chain-gang, jail, or other place of detention." As already pointed out, the act of 1913 does not violate the due-process clause of the 14th

amendment to the Federal constitution, because the probationer is not deprived of his liberty without a hearing, and not until the court has made a due examination into the facts and ascertained from evidence sufficient to satisfy his mind that the probationer has violated his parole can the court revoke its leave to the probationer to serve his sentence outside the confines of the chain-gang. In the case at bar the judge heard evidence. Two witnesses testified to a transaction which occurred at the defendant's place of business outside of the City of Augusta, in which it appeared that Williams had sold a bottle of whisky to one Coursey for $1. It was necessary, however, to be shown that this sale was subsequent to the sentence of the court, and no witness testified as to when or where the sale of whisky by Williams took place. Even if it be assumed that, because it is stated in the evidence that Williams's store is outside the corporate limits of Augusta, this sale took place in Richmond County, Georgia (though it possibly might be just outside the corporate limits of Augusta just across the river in South Carolina), there was no evidence at the hearing to indicate whether the sale was before the commission of the offense for which the plaintiff in error was sentenced or subsequent thereto. For this reason the evidence before the judge failed to establish a violation of the parole. By the terms of the parole leniency was granted as a reward for observance of the law in the future, subject to be revoked if there was a future violation of the prohibition law. There is nothing included in the sentence which would subject the parole to revocation should the court later discover that the accused had violated the law at times prior to the disposition of his case as then before the court. If the parole had been granted upon these terms, a different question would be before us from any presented in this record. So we think that, in the absence of evidence to show when the sale alleged to have been made by the probationer was made, the judge of the city court upon the hearing was not authorized to find that it was subsequent to the imposition of the sentence, and that he should not have revoked the parole without evidence upon this point; and that the judge of the superior court erred, because the testimony at the hearing before the judge of the city court of Richmond County did not disclose when the alleged sale in viola-

tion of the probationer's parole took place, in not sustaining the certiorari and remanding the case for another hearing.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. I concur in all the rulings made in the decision, except the ruling to the effect that the case of *Antonopoulas* v. *State*, 151 *Ga.* 466, is not in point upon the question as to whether or not the judgment excepted to here is such a final judgment as is subject to review on direct bill of exceptions. I am of the opinion that the *Antonopoulas* case is in point upon that question, and the holding there is contrary to the holding of the majority in the present case.