### 17831.    ANDERSON *v.* THE STATE.

If the sentence imposed in this case, which provides "that the sentence of twelve months on State farm be suspended upon payment of fine of $25, upon condition that the defendant does not become intoxicated for the period of his sentence," comes within the purview of the probation law of 1913, the court's order revoking the suspension and requiring the defendant to serve the sentence is not such a final judgment as is reviewable on a bill of exceptions.

If the conclusion now reached by this court, that the wording of the sentence precluded it from coming within the purview of the act of 1913, supra, be correct, the part which provides for suspension of the twelve

---

Criminal Law, 16 C. J. p. 1335, n. 65, 72; 17 C. J. p. 33, n. 30.

months' service on the State farm was void, and the unsatisfied part of the sentence should be served.

DECIDED MARCH 8, 1927.

Revocation of parole; from city court of Sandersville—Judge Goodwin. November 6, 1926.

*A. R. Wright, W. C. McMillan,* for plaintiff in error.

*George C. Evans, solicitor,* contra.

LUKE, J. On October 27, 1926, defendant pleaded guilty to drunkenness upon a public highway, and the court passed the following sentence upon him: "Wherefore it is the judgment of the court that Tom Anderson do pay a fine of $25 and be confined in the State farm at Milledgeville at hard labor on the public works, or such other place as the proper authorities of said county may direct, for the space of twelve months, and then be discharged. Ordered further that the sentence of twelve months on State farm be suspended upon payment of fine of $25, upon condition that the defendant does not become intoxicated for the period of his sentence—twelve months." On November 1, 1926, the court ordered the defendant to show cause why the suspended sentence of twelve months should not be put in operation. At the hearing on November 6, 1926, the court revoked "the suspension of twelve months sentence on the State farm . . and ordered that the defendant shall serve the remainder of said sentence on the State farm at Milledgeville."

1. If, as contended by the attorneys for both the State and the defendant, the foregoing sentence comes within the purview of the act of the General Assembly approved August 16, 1913 (Ga. L. 1913, p. 112; Park's Penal Code, § 1081 (a) et seq.), the court's order revoking the suspension of the twelve months' sentence on the State farm and requiring the defendant to serve the sentence is not such a final judgment as is subject to review on a bill of exceptions. *Antonopoulas* v. *State,* 151 *Ga.* 466 (107 S. E. 156); *Jackson* v. *State,* 27 *Ga. App.* 648 (110 S. E. 423).

2. On the other hand, if we are correct in the conclusion here reached, that the wording of the sentence imposed was such as to preclude it from coming within the purview of the said act of 1913, then that portion of the original sentence suspending the twelve months' service on the State farm was void, and there was nothing for the defendant to do except serve the valid and unsatisfied part of the sentence. See Park's Penal Code, § 1081 (a), (b), (c),

and (d); *Conley* v. *Pope,* 161 *Ga.* 462 (2), (4) (131 S. E. 168), and cit.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*