19187.   CARTER *v.* THE STATE.

DECIDED NOVEMBER 14, 1928.

*W. H. Bedgood, J. P. Highsmith,* for plaintiff in error. *Wade H. Watson, solicitor,* contra.

BLOODWORTH, J.   An accusation was preferred in the city court of Baxley, in which the plaintiff in error was charged with "having and possessing liquor." He pleaded guilty, and the judge imposed upon him the following sentence: "Whereupon it is considered, sentenced, and adjudged by the court, that the defendant W. T. Carter do pay within three days a fine of $350, and all costs of this prosecution, and twelve months on the chain-gang, said chain-gang sentence to be suspended pending good behavior and payment of said fine, and then be discharged, or, in default of such payment, that said defendant do work in the chain-gang on the public works of said county or on such other public works as the county authorities may employ the chain-gang, for and during the full term of twelve months, and then be discharged; and it is further ordered that this sentence begin and be counted from the time of the reception of said defendant in the chain-gang under this order. The defendant may be discharged at any time on pay-

ment of said fine and cost. Sentence pronounced and signed this 15 day of November, 1927." The defendant paid the fine and costs as provided in the sentence. On July 21, 1928, he was brought before the judge of the city court, and the judge passed the following order: "It appearing to the court, upon investigation in the above-stated case, after due notice to defendant, and he appearing before me, and upon said hearing it being made to appear satisfactorily to the court, by sworn testimony, that since the passing of sentence in the above-stated case on Nov. 15, 1927, that said defendant has violated the terms of the suspension of said sentence by having possession of liquor and making liquor, it is ordered by the court that the suspension part of said sentence be and the same is hereby revoked and said defendant is hereby required to serve the sentence of twelve months on the chain-gang as in said sentence provided." The bill of exceptions recites that "Whereupon plaintiff in error was held in custody and incarcerated by the sheriff." The plaintiff in error filed a bill of exceptions, assigning error on the order and judgment of July 21, 1928, and the case is here for review.

A motion was made by the defendant in error to dismiss the bill of exceptions, on the ground that this court "has no jurisdiction to pass upon said case, there being no final judgment excepted to." As the judgment which it is sought to review is not a final judgment, this motion must prevail. See *Jackson* v. *State, 27 Ga. App.* 648 (110 S. E. 423). If the accused had any remedy, it was by writ of habeas corpus. This was the remedy pursued in *Kemp* v. *Meads, 162 Ga.* 55 (132 S. E. 533), and *Scott* v. *McClelland, 162 Ga.* 443 (133 S. E. 923). The sentence of November 15, 1927, was in the alternative, and provided for the payment of a fine, or in default thereof that the defendant work in the chain-gang for twelve months. The accused "complied with said original sentence passed upon him November 15, 1927, by paying the said fine of $350 and all costs." Under the express terms of this sentence the payment of the fine and costs was a full and complete compliance therewith.

*Writ of error dismissed.* *Luke, J., concurs.*

BROYLES, C. J., dissenting. In my opinion the writ of error should not be dismissed. I think that the judgment should be affirmed, under the rulings in *Kemp* v. *Meads,* and *Scott* v. *McClelland,* supra.