## THE STATE *v.* THOMPSON.

No. 8806. JULY 16, 1932.

190

*John Y. Roberts, solicitor,* for plaintiff.

*R. Douglas Feagin,* for defendant.

RUSSELL, C. J.   Section 6139 of the Civil Code of 1910 (so far as material to the question propounded by the Court of Appeals) declares: "Any party in any civil cause, and the defendant in any criminal proceeding in the superior courts of this State, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers." By the question propounded by the Court of Appeals we are asked to define the words "any criminal proceeding," inasmuch as the Code only provides that "the defendant in any criminal proceeding . . may except."

In *State* v. *Jones, 7 Ga.* 422, the ruling was: "A writ of error does not lie to this court, in a criminal case, at the instance of the State." This statement has been repeated times without number. It is not necessary, for the purpose of the question, to decide at this time whether this general rule, like all other general rules, is subject to exception. From a careful reading of the opinion of the court delivered by Judge Nisbet in the *Jones* case it is plain that the statement in the headnote quoted is based upon consideration of the fundamental rule of the common law embodied in the 5th amendment to the constitution of the United States, which declares;

"nor shall any person be subject for the same offense to be twice placed in jeopardy of life or limb." It was the maxim quoted by Judge Nisbet, *nemo debet bis vexari pro una et eadem causa.* It is plain that the ruling in the *Jones* case was not intended to be broader than the facts of the particular case; for, after referring to the old Roman maxim and the 5th amendment to the Federal constitution, Judge Nisbet proceeded to say: "I do not mean to say that, if otherwise entitled to the writ of error, the State would in this case be precluded by the operation of this provision of the constitution; for, according to the most liberal construction of it, a defendant is protected from a second trial only where, upon a good indictment, the jury have been charged with the prisoner, and have been discharged without legal necessity—other constructions requiring that they shall be charged with the prisoner upon a sufficient indictment, and have delivered themselves of the charge by a verdict. I express no opinion on these points; it is not necessary that I should in this case. Under no construction of the constitution has it any direct bearing upon this case, and to show that alone have I referred to the constructions as above. In this case the jury were not charged with the trial, and the offense is only a misdemeanor." Judge Nisbet had already pointed out that the general rule in criminal cases is that a new trial is not grantable upon motion of the State, after verdict of not guilty, and finally stated (p. 424) : "Indeed it may be stated, as a general rule, that in criminal cases, upon general principles, errors are not subject to revision at the instance of the State." He then cited a large number of authorities in support of the rule, but said that "an exception to this rule is stated to exist, when the acquittal of the defendant is effected through his fraud or misconduct. 1 Chitty's Crim. Law, 657."

In *Antonopoulas* v. *State,* 151 *Ga.* 466 (107 S. E. 156), a majority of this court held that the action of the lower court in revoking a sentence so molded as to allow the prisoner to serve the sentence outside the confines of the chain-gang, jail, or other place of detention, provided by the act of 1913 (Ga. L. 1913, p. 112), is not such a final judgment as is subject to review on a bill of exceptions. In that case Hill and Gilbert, JJ., dissented. It was therefore only the judgment of a majority of this court. In *Williams* v. *State,* 162 *Ga.* 327, 333 (133 S. E. 843), it was pointed out that the *Antonopoulas* case was distinguishable. Mr. Presiding Justice Beck

dissented, because he was of the opinion that the *Antonopoulas* case was in point upon the question as to whether the judgment excepted to was such a final judgment as is subject to review on direct bill of exceptions, but as he expressly stated "I concur in all the rulings made in the decision," except the statement that the case of *Antonopoulas* v. *State,* 151 *Ga.* 466, was not in point, the points really ruled and stated in the headnotes can be said to be the judgment of a unanimous court, and as such were followed by Mr. Justice Beck in delivering the opinion in *Rhodes* v. *State,* 162 *Ga.* 627 (134 S. E. 448). In the *Williams* case the writ of error was sustained, and the judgment of the lower court in revoking the parole previously granted upon a hearing provided by the act of 1913, supra, was reversed. This court held that the judge of the city court of Richmond County erred in revoking the parole previously granted, because no evidence was produced before the court from which it could be determined whether the act charged against the probationer as in violation of his parole was committed prior to the imposition of the sentence, or subsequent thereto, and that the judge of the superior court erred in overruling the certiorari, and in not sustaining it upon the ground that the evidence in the record was insufficient to show that there had been a breach by the defendant of the conditions upon which the parole had been granted.

In *Wimbish* v. *Reece,* 170 *Ga.* 64 (152 S. E. 97), this court, construing the language from the act of 1913 (Ga. L. 1913, p. 112) that "where it appears to the satisfaction of the court that the circumstances of the case and the public good does not require the defendant's incarceration, said court may mold its sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail," etc., held that a sentence of probation is as much a sentence of court as is a judgment requiring a convict to serve the period of time fixed by sentence in jail or on the chain-gang. We also held: "One serving a sentence on probation in accordance with the terms of the act of 1913, supra, is fulfilling the sentence as effectually as if such time had been spent in jail or employed in working on the chain-gang but for the molding of the sentence by the court 'so as to allow the defendant to serve the same outside the confines of the chain-gang, jail, or other place of detention.'" In pursuance of these rulings, we proceeded to pass upon the other questions raised in the record, and to affirm the judgment of the lower court in dis-

charging the prisoner. However, the case of *Wimbish* v. *Reece,* supra, was a petition for the writ of habeas corpus.

. An analysis of the decisions to which the Court of Appeals has referred us develops the following facts: That the *Antonopoulas* case, being the opinion of only four Justices, is not binding authority. For this reason there is no necessity that it be formally reviewed and overruled. It is superseded by the rulings in *Williams* v. *State* and *Rhodes* v. *State,* supra, in so far as it was therein held that "the order of court revoking a probationer's parole is not such a final judgment as is subject to review by bill of exceptions," and it will not be followed. Other cases in which this court and the Court of Appeals have dealt with the terms of the act of 1913 (Ga. L. 1913, p. 112) as criminal proceedings, or at least as one of the proceedings which may occur in criminal cases—and in criminal cases only, are *Roberts* v. *Lowry,* 160 *Ga.* 494 (128 S. E. 746); *Smith* v. *Veach,* 165 *Ga.* 190 (140 S. E. 356); *Olsen* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269). It is very plain that the General Assembly, in the passage of the act providing for probation of offenders in certain cases (Acts 1913, p. 112), intended the law to apply only to criminal proceedings. The new law only gave the judges a power, which they theretofore had not possessed, for so molding their sentences as to permit in certain cases the defendants to serve the sentence outside the confines of the jail, chain-gang, or other place of detention, under the supervision of the court. Necessarily the exercise of this new power appertained to the sentence, which is an essential part of a criminal trial in which there is a conviction or a plea of guilty.    *All the Justices concur.*

HILL, J., concurs in the result.