### 21779. THE STATE v. THOMPSON.

DECIDED SEPTEMBER 1, 1932.

*John Y. Roberts, solicitor,* for plaintiff in error.

*R. D. Feagin,* contra.

LUKE, J. On May 2, 1930, C. A. Thompson was sentenced to pay a fine of $200 and serve twelve months on the chain-gang for a violation of the prohibition law; and by order of the trial judge, and upon payment of the fine, the defendant was allowed to serve the sentence on probation. On October 7, 1930, the defendant was tried before a jury in the city court of Macon, Hon. C. H. Hall presiding, for possessing intoxicating liquors on September 13, 1930, and was acquitted. On November 24, 1930, the defendant was tried before Hon. C. H. Hall, judge of the city court of Macon, without a jury, for violating the terms of his probation granted on May 2, 1930, was found guilty, and his probation was revoked. It is agreed that the only acts charged against the defendant for violating his probation are those acts alleged to have been committed on September 13, 1930, for which he had already been acquitted by a jury. The defendant then carried the case by certiorari to the superior court of Bibb county, alleging that the Hon. C. H. Hall, judge of the city court of Macon, in trying the defendant for a violation of his parole, erred in sustaining the State's demurrer and striking the defendant's plea of autrefois acquit, since the revoking of the defendant's probation was based on the identical charge of which defendant had previously been acquitted by a jury; that he erred in holding himself not bound by the jury's verdict; and that he erred in refusing to permit the defendant to make a statement not under oath in said hearing and forcing the defendant to be sworn and subjected to cross-examination. In answer to

the writ of certiorari, the judge of the city court of Macon said that the allegations of the petition for certiorari were true and adopted same as his answer. Hon. H. A. Mathews, judge of the superior court, sustained the certiorari, reversed the judgment of the judge of the city court, and ordered the defendant Thompson discharged and relieved from all further liability in connection with the judgment and rulings excepted to in the certiorari. The State now comes to this court, by bill of exceptions, and assigns error on the order of the judge of the superior court sustaining the certiorari and ordering that the defendant be discharged, and also on other antecedent rulings not necessary to enumerate here. The defendant moves this court to dismiss the bill of exceptions, because "The Court of Appeals of Georgia is without jurisdiction to receive, entertain, and hear said case," and "There is no provision under the laws of Georgia authorizing the State of Georgia to appeal from a decision of the trial court in a criminal case, and this cause which originated in the city court of Macon was and is a criminal case."

In answer to a question certified by this court to the Supreme Court, the latter court answered as set out in the first headnote to this opinion. For full opinion of the Supreme Court see *The State* v. *Thompson*, 175 *Ga.* 189 (165 S. E. 34).

Under this ruling and the facts of the instant case, a writ of error to this court does not lie at the instance of the State.

*Writ of error dismissed. Broyles, C. J., and Hooper, J., concur.*