32618. WATERS *v.* GOWER, Judge.

MacINTYRE, P. J. The application for mandamus presents a single question for decision by this court in determining whether or not the writ shall issue: "Is a judgment of a trial court revoking, after due examination, a parole or suspended sentence, such a final judgment as to be subject to review on a bill of exceptions to this court?" This question was certified to the Supreme Court in *Antonopoulas* v. *State*, 151 *Ga.* 466 (107 S. E. 156), and in conformity with the answer to the question, this court held in *Antonopoulas* v. *State*, 26 *Ga. App.* 787 (107 S. E. 359): "Where

one is sentenced for a violation of a criminal statute, and, under the provisions of the act of the General Assembly approved August 16, 1913 Ga. L. 1913, p. 112); Park's Penal Code, § 1081 (a), (b), (c), (d) [Code, § 27-2705], on certain conditions named in the order, is allowed to serve the sentence 'outside the confines of the chain gang, jail, or other place of detention,' and, while serving the sentence, violates the terms of his parole, and the court, upon the defendant being brought before it and after due examination, revokes its leave to the defendant to serve his term outside the chain gang or other place of detention, this is not such a final judgment as is subject to review on a bill of exceptions." The answer of the Supreme Court in the *Antonopoulas* case, supra, was not the decision of the full court. Justices Hill and Gilbert dissented, citing State *v.* Hoggard, 180 N. C. 678 (103 S. E. 891). The decision was, however, controlling upon this court on the point, and, as was its duty, this court followed that decision in *Troup* v. *State,* 27 *Ga. App.* 636 (109 S. E. 681); *Anderson* v. *State,* 36 *Ga. App.* 602 (137 S. E. 572); *Watts* v. *State,* 36 *Ga. App.* 215 (136 S. E. 323); *Jackson* v. *State,* 27 *Ga. App.* 648 (110 S. E. 423); *Slagle* v. *State,* 35 *Ga. App.* 190 (132 S. E. 242). However, the Supreme Court in *State* v. *Thompson,* 175 *Ga.* 189, 193 (165 S. E. 34), reversed the position taken in the *Antonopoulas* case by holding: "The *Antonopoulas* case, being the opinion of only four Justices, is not binding authority. For this reason there is no necessity that it be formally reviewed and overruled. It is superseded by the rulings in *Williams* v. *State* [162 *Ga.* 327, 133 S. E. 843], and *Rhodes* v. *State* [162 *Ga.* 627, 134 S. E. 448], in so far as it was therein held that 'the order of court revoking a probationer's parole is not such a final judgment as is subject to review by bill of exceptions,' and will not be followed." Thereafter, this court has followed the latter rule in *Foster* v. *State,* 71 *Ga. App.* 751 (32 S. E. 2d, 119). See also *Olsen* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269), where this court reviewed such a judgment of the trial court in revoking a parole prior to the decision by the Supreme Court in the *Antonopoulas* case.

We are not here concerned with the merits of the questions presented by the bill of exceptions, but in view of the rulings in the *Antonopoulas, Williams, Rhodes,* and *Foster* cases, and upon consideration of the application for mandamus, it is hereby ordered that the mandamus nisi previously granted in this case be hereby made absolute, and the judge is directed to certify the bill of exceptions as tendered.

*Gardner and Townsend, JJ., concur.*

Decided June 23, 1949.

*Benjamin Zeesman,* for applicant.

*O. T. Gower,* in propria persona.