## SCOTT *v.* McCLELLAND, warden.

1. The general rule is that a judge of the superior court of this State has no authority to suspend execution of a sentence imposed by him in a criminal case. Where he does suspend such sentence, so much of the sentence as orders a suspension may afterwards be revoked and the prisoner be required to serve the sentence.

2. The court did not err in repelling, at the hearing, evidence offered by the applicant for habeas corpus that the judge of the superior court in open court "instructed the sheriff to take charge of him and put him in the chain-gang." This evidence was immaterial.

3. Evidence as to whether or not the applicant had "violated the provisions of the sentence" was also immaterial.

4. The court did not err in refusing to allow counsel for the applicant to introduce evidence to prove that when he was called before the judge who it is contended revoked the order suspending the sentence in question, the attention of the judge was called to the fact that "he had passed an illegal sentence, and said judge knew at the time he passed said sentence that it was illegal." This evidence and other evidence to support similar contentions was immaterial to the real issue before the habeas-corpus court.

No. 5385. JUNE 28, 1926.

Habeas corpus. Before Judge Murray. City court of Danielsville. March 20, 1926.

Charlie Scott brought his petition for habeas corpus against S. M. McClelland, warden of the chain-gang of Madison County, alleging that he entered a plea of guilty to an indictment charging him with a misdemeanor, at the September adjourned term, 1924, of Madison superior court. After the plea of guilty was entered, the court passed the following sentence: "Whereupon it is considered and adjudged by the court that said defendant, Charlie Scott, do work in the chain-gang on the public roads for the term of six months, and that he be delivered to the proper authority or authorities of said County of Madison, who are hereby required to deal with said defendant according to this sentence, ¦said term to be computed from the day said defendant is set to work in said chain-gang, said defendant to remain in the common jail of said county till put to work in said chain-gang. In addition to the term of six months herein imposed, it is ordered and adjudged by the court that defendant serve a term of six months in the chain-gang of said county, on the public works thereof, which shall be

Criminal Law, 16 C. J. p. 1333, n. 48; p. 1335, n. 79; p. 1336, n. 80, 81.

Habeas Corpus, 29 C. J. p. 168, n. 61.

served consecutively with and not concurrent to the first above imposed term of six months, and shall be computed from the date defendant is set to work in said chain-gang; provided, that upon the good behavior of the defendant, and the payment of the fine hereinafter imposed, last-named term of six months is suspended. Said defendant may be discharged from custody under this sentence, as to the first-above imposed six months, any time before the expiration thereupon, upon paying a fine of one hundred fifty and no/100 dollars, including costs of officers of court, solicitor-general, clerk, sheriff, and justice court costs."

Scott paid the fine of $150, and was thereby discharged from custody under the sentence "as to the first-above imposed six months." On March 5, 1926, Scott was taken in charge. In the petition for habeas corpus it is alleged that Scott is now restrained of his liberty by S. M. McClelland, the warden of the chain-gang for Madison County; that he was taken in charge by virtue of instructions of the judge of the superior court of the circuit, who on the 5th day of March issued a bench warrant against him, and when petitioner was brought before the judge he directed the sheriff to take charge of him and place him in the chain-gang of Madison County; that the judge was then acting by virtue of the sentence referred to above.

The respondent to the writ answered, that he is not holding the applicant by virtue of the instructions of the judge of the superior court, but is holding him under a sentence duly passed and entered in the superior court of Madison County, Georgia, this being the sentence set forth above; that it is his information, as alleged in the application, that a bench warrant was issued against Scott, and he was brought before the court; and "the court, after giving the said Scott a hearing and allowing him to introduce witnesses in his behalf, ordered the suspended sentence of six months, which was formerly given the said Scott, revoked, and ordered that he be turned over to the respondent of said county to serve the sentence originally given."

The judge hearing the case refused the prayer of the prisoner, and remanded him to the custody of the respondent; and this order is excepted to.

*Comers G. Moore* and *Shackelford & Shackelford,* for plaintiff.
*R. H. Gordon, solicitor,* for defendant.

BECK, P. J. (After stating the foregoing facts.) 1. We are of the opinion that the habeas corpus court did not err in refusing to grant an order discharging the applicant from custody. The sentence under which he was held was a legal sentence. In section 1065 of the Penal Code (1910) it is provided: "Except where otherwise provided, every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public roads, or on such other public works as the county or State authorities may employ the chain-gang, not to exceed twelve months; any one or more of these punishments in the discretion of the judge." Under the terms of that section the court had authority to impose a sentence confining the defendant in the chain-gang for a period of twelve months. The fact that he divided it into two periods of six months each did not make the total sentence to the chain-gang exceed the period fixed by the statute. The alternative sentence was in the discretion of the court. The suspension of the last six months was without authority conferred by law. It is unnecessary to cite cases holding that the judge of the superior court is without authority to suspend a sentence as the court attempted to do in this case. And if an order of suspension is granted at any time, it may be revoked, or, whether revoked or not, the sentence as originally imposed may be put into execution. In the case of *Cook* v. *Jenkins*, 146 *Ga.* 704 (92 S. E. 212), it was said: "Where a defendant was convicted of a misdemeanor in selling and keeping intoxicating liquors, and a sentence was imposed directing that he be confined in the county jail for a term of six months, to be discharged upon the payment of a fine of $500, to include the cost, and also that he serve twelve months on the chain-gang, but this latter penalty to be suspended on condition that the accused should leave the State, so much of the sentence as imposed the penalties mentioned was legal and enforceable, but that part which related to suspension of the penalty of serving a term on the chain-gang was illegal; and the defendant having been arrested after payment of the fine specified in the sentence, the judge properly refused to discharge him on habeas corpus sued out against the sheriff on the theory that the suspension of the sentence was enforceable." The sentence imposed in this case was not in pursuance of the powers conferred

by the act approved August 19, 1913, which is an act to give all courts having jurisdiction in felony and misdemeanor cases authority, in certain cases, to mold their sentence so as to allow defendants to serve the same outside of the place of detention, under the supervision of the court. And so, as was held in the case of *Cook* v. *Jenkins,* supra, there is nothing in the provisions of the probation act last referred to which renders that law applicable to the facts in this case.

2-4. The rulings made in headnotes 2, 3, and 4 require no elaboration. Other exceptions to rulings made by the habeas corpus court are without merit. The ruling first made, holding that the sentence was not illegal and that the judge was without authority to suspend the sentence, really disposes of the controlling question in this case.     *Judgment affirmed. All the Justices concur.*