## SMITH *v.* VEACH, warden.

HILL, J. Where one was convicted of public drunkenness, and sentenced, on February 17, 1926, to pay a fine and serve twelve months on the chain-gang, but the sentence provided that upon payment of the fine the defendant be given leave to serve the chain-gang sentence without the confines of the chain-gang; and where on November 10, 1926, while the defendant was out on probation, the court passed another order, without notice to the probationer, on motion of the sheriff, reciting that the probationer had violated the terms and conditions of the former order, and directing the sheriff to arrest and commit the probationer to the "chain-gang instanter" to serve the remainder of the probation sentence, the time to run from his committal to the chain-gang; and where, on demand of the probationer that he be given a hearing before final execution of the second order, a hearing was had, and the court made a third order, on May 16, 1927, reciting that the probationer had violated the terms of the probation order, and directing that the second order be revoked, and the probationer be confined in the chain-gang for the term of ninety-eight days, to be computed from the time of his reception in the chain-gang, and that the "probation sentence shall not run in favor of the defendant, the same being suspended," and the probationer was placed on the chain-gang under this last order; and where, on May 17, 1927, the probationer sued out a petition for habeas corpus, and on the hearing the judge remanded him to the custody of the officer, after the term fixed by the original sentence had expired, the writ of habeas corpus should have been granted, and the court erred in remanding the probationer to the custody of the warden. The second order of the court of November 10, 1926, was void, the probationer having no notice or hearing previous to its passage. *Roberts* v. *Lowry,* 160 *Ga.* 494 (128 S. E. 746) ; *Plunkett* v. *Miller,* 161 *Ga.* 466 (131 S. E. 170) ; Acts 1913, pp. 112, 114.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hines, J., who dissent.*

No. 6063.    NOVEMBER 17, 1927.

Habeas corpus.    Before Judge Maddox.    Walker superior court. May 20, 1927.

Criminal Law, 16 C. J. p. 1337, n. 97, 1 New.

*Graham Wright,* for plaintiff.

*J. F. Kelly, solicitor-general,* and *M. Neil Andrews,* for defend-ant.