### ROPER *v.* MALLARD, sheriff.

JENKINS, Justice. 1. The Code, § 27-2506, providing for the punishment of misdemeanors, is as follows: "Except where otherwise provided, every crime declared to be a misdemeanor shall be punishable by a fine not to exceed $1,000, imprisonment not to exceed six months, to work in the chain-gang on the public roads, or on such other public works as the county or State authorities may employ the chain-gang, not to exceed 12 months, any one or more of these punishments in the discretion of the judge." *Cook* v. *Jenkins,* 146 *Ga.* 704 (1-a) (92 S. E. 212); *Scott* v. *McClelland,* 162 *Ga.* 443, 445 (133 S. E. 923); *Hathcock* v. *State,* 88 *Ga.* 91 (5), 98 (13 S. E. 959). Accordingly, since the statute does not permit a longer sentence than 12 months on the public works, a sentence providing that the defendant "pay a fine of $75 including costs, and in default thereof . . serve six months on the public-works camp of [the] county, or on the public works of such other county or on such public works as the proper authorities may direct—the term of service

[to] be computed as from date of sentence  .  . 12 months additional but probated during good behavior," is illegal in so far as the six-months service on the public works in lieu of the payment of the $75 fine is concerned. But since the imposition of the fine in addition to the 12-months service on the public works was legal, and was satisfied by payment, the illegal alternative of the additional six months in the event the $75 had not been paid would not operate to render the 12-months sentence invalid.

2. Under the act of 1913 (Ga. L. 1913, p. 112; Code, § 27-2702), upon conviction of a misdemeanor or felony reduced to a misdemeanor, the court may so mold its sentence as to allow the defendant to serve the same. outside of the chain-gang, jail, or other place of detention, under the supervision of the court; and one thus serving a sentence on probation is fulfilling his sentence as effectually as if confined in jail or on the chain-gang. Accordingly, if after a hearing the order granting such probation is revoked, the time served by the defendant before the revocation must be counted in his favor and deducted from the period of service imposed. *Wimbish* v. *Reece*, 170 *Ga.* 64 (2-4) (152 S. E. 97); *Smith* v. *Veach*, 165 *Ga.* 190 (140 S. E. 356).

3. Under the preceding rulings, the superior court in this habeas-corpus proceeding did not err in holding that the unconditional probated sentence of 12 months, imposed by the city court, was not nullified by the illegal alternative attached to the imposition of the $75 fine, and correctly held that the defendant should serve the remainder of such 12 months sentence from the date of its commencement.

4. Irrespective of the admissibility of an unsworn statement by the judge who imposed the sentence, explaining his purpose and the circumstances, the exception to its admission at the habeas-corpus hearing shows no prejudicial error, since the controlling facts otherwise appear in the record, and were undisputed.

*Judgment affirmed. All the Justices concur.*

No. 14047.  MARCH 11, 1942.  REHEARING DENIED MARCH 30, 1942.

*W. G. Neville,* for plaintiff.
*B. H. Ramsey, solicitor,* for defendant.