## POPHAM *v.* SPEARS, Sheriff.

No. 16503. FEBRUARY 15, 1949.

760

*Henderson & Burtz*, for plaintiff.

*H. G. Vandiviere* and *James T. Manning, Solicitors-General,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Under the act of 1941 (Ga. L. 1941, p. 481; Code, Ann. Supp., § 27-2707), a sentence for abandonment may, in the discretion of the court, be suspended, under terms providing for the support and maintenance of a child during its minority. The right of the court to suspend the sentence is not questioned.

The plaintiff in error insists that the sentence is completed; that it was suspended upon condition that the defendant comply with the agreement, which agreement provided for the payment of $30 per month during the "time of said suspended sentence;" and that the "time" of the sentence was but twelve months from the date of the sentence. If the sentence be so construed, then it was not a suspended sentence, but a typical probation sentence under the Code, § 27-2702.

We construe the sentence to mean that the defendant therein was given 12 months on the public-works camp, which was suspended upon the condition that he pay certain specified court costs, make the bond specified, and pay the designated amount monthly for the support of the minor child; and that the phrase, "during the time of said suspended sentence," used to designate the length of time the payments for the benefit of the child were

to be made, were synonymous with, and could mean nothing other than, *during the time the sentence was suspended.*

Accordingly the sentence was not completed at the expiration of 12 months, but was merely suspended so long as the monthly payments for the minor child were made, and the trial judge did not err in remanding the defendant to the custody of the sheriff.

*Judgment affirmed. All the Justices concur, except Hawkins, J., disqualified.* .