BALKCOM, Warden, *v.* GUNN.

No. 16870. November 15, 1949.

168

J. T. Grice, Deputy Assistant Attorney-General, and Maston O'Neal, Solicitor-General, for plaintiff in error.

W. Reeves Lewis and T. Ross Sharpe, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) By the act of 1913 (Ga. L. 1913, p. 112, sec. 1; Code, § 27-2702), provision is made for the probation of misdemeanor sentences. By section 4 of the same act (Code, § 27-2705), provision is also made for the revocation of the probation features of such a sentence. It states: "In case of failure to meet any of these requirements, and at any time prior to the final disposition of the case of any probationer in the custody of a probation officer, the officer may bring him without warrant before the court or the court may issue a warrant directing that he be arrested and brought before it. When such person is brought before the court, the court after due examination may revoke its leave to the probationer to serve his sentence outside the confines of the chain gang, jail or other place of detention." In construing this section, our courts have held that the probation feature of the sentence cannot be revoked without giving the probationer a hearing. Roberts v. Lowry, 160 Ga. 494 (1, 2) (128 S. E. 746);

*Plunkett* v. *Miller*, 161 *Ga.* 466 (131 S. E. 170); *Williams* v. *State*, 162 *Ga.* 327 (3) (133 S. E. 843); *Smith* v. *Veach*, 165 *Ga.* 190 (140 S. E. 356); *Robinson* v. *State*, 62 *Ga. App.* 539 (8 S. E. 2d, 698); *Brown* v. *State*, 71 *Ga. App.* 303 (30 S. E. 2d, 783).

The warden insists that Code § 27-2705, which was codified from the act of 1913 (p. 112), providing for a hearing before the revocation of a probation sentence, was repealed by the act of 1939 (p. 285; now Code, Ann. Supp., § 27-2525). To determine this question, some history of our law as to sentences will be helpful. Prior to 1919, in felony cases in which the only punishment was a term of years, the jury found a verdict of either guilty, or not guilty, or guilty with a recommendation for misdemeanor punishment, and the trial judge fixed the punishment within the term fixed by law. Subsequently to the acts of 1913 (p. 112), in imposing misdemeanor punishment the trial judge could place the accused under probation. By the act of 1919 (p. 387), the General Assembly provided that in felony cases not punishable by life imprisonment the jury should prescribe a maximum and minimum sentence, except in cases where a plea of guilty was entered; and if so, the trial judge should provide a maximum and minimum sentence. In 1933, there was no law authorizing or prohibiting a suspended sentence, though the practice of imposing such sentences was indulged in by the judges throughout the State. These sentences were hanging over the heads of people indefinitely, so the General Assembly by the acts of 1933 (p. 266; now Code, § 27-2706) provided that a suspended sentence should have the effect of a probation sentence.

By the acts of 1937-1938 (p. 326), the General Assembly changed the mode of fixing sentences back as it existed prior to the act of 1919 (p. 387), by providing that the jury should pass only on the question of guilt or innocence, and the judge should fix the sentences. This act also provided that in all cases, except where the punishment was death or life imprisonment, the judge could either suspend the sentence or put the accused on probation.

We now come to the act of 1939 (p. 285), which is here in question. This act repeals in its entirety the act of 1937-1938 (p. 326). It re-enacts Code § 27-2501, listing felonies which may not be reduced to a misdemeanor, and adds thereto the offense

of robbery by force, and is now in Code Ann. Supp. as § 27-2525. It puts the power to fix sentences in felony cases back in the jury as it was after the act of 1919 (p. 387), and before the act of 1937-1938 (p. 326). Then, by section 4, it provides that, where misdemeanor punishment has been imposed, the judge may allow the accused to serve outside of any place of detention under the supervision of the court as the judge may see fit; with provision that it not apply to the method of dealing with delinquent or dependent children in counties having juvenile courts. This section is contained in Code Ann. Supp. § 27-2527, and is the same in substance and almost identical in language with a section of the act of 1913 (Code, § 27-2702), granting to the trial judges authority to place defendants on probation. Whatever may have been the reason for the General Assembly to re-enact this section it is not necessary here to determine, as that part of the act of 1913 (p. 112; Code, § 27-2705), requiring notice or a hearing before revoking a probation sentence, has not been repealed and is of force and effect.

■ We next come to the question of whether, by reason of the last paragraph of the sentence, the trial judge reserved the right to revoke the probation feature without notice or a hearing. It was there provided, "The court reserves the right to revoke this order admitting the defendant to probation at any time the court in its discretion believes the conduct of the defendant to justify same." This was a probation sentence. By its terms it defined the manner in which the defendant must conduct himself. This being so, the defendant was entitled to notice or a hearing before its revocation, and as this right was fixed by law under Code § 27-2702, the trial judge was without authority to reserve in his sentence the right to revoke it without such notice or hearing. This was not a suspended sentence such as where the trial judge sentences a defendant to straight service, but suspends it "until the further order of court," which may be revoked for reasons satisfactory to the trial judge without notice or hearing, as held in *Mincey* v. *Crow*, 198 *Ga.* 245 (31 S. E. 2d, 406), and citations.

Accordingly, upon the procedure here adopted, the court in the habeas corpus proceeding did not err in discharging Gunn from the custody of the warden.

*Judgment affirmed. All the Justices concur.*