## 34874. Blaylock v. The State.

Townsend, J. 1. A defendant who has been sentenced and the sentence probated under order of the court must fulfill the conditions of such probation stated in Code § 27-2705, that he "observe all rules prescribed for his conduct by the court, report to the probation officer as directed and maintain a correct life." Where the defendant fails to observe these conditions (including the mandate in the probated sentence that he not violate any law of this State), the probationary feature of the sentence may, after due examination, be revoked.

2. "When, after due notice, the trial judge conducts a hearing upon the question of revocation of a probationary sentence, he is not bound by the same degree of evidence as in the first instance, but has a wide discretion. Where there is some evidence to support the judgment revoking such probationary sentence, the judgment will be affirmed by this court." Atkinson v. State, 82 Ga. App. 414 (61 S. E. 2d 212).

3. The husband is recognized as head of the house, and, where the spouses reside together, there is a legal, rebuttable presumption that illegal liquor which was poured into the kitchen sink at the time of the arrival of the officers, and which was caught by the officers as it came down the open drain on the outside, was the property of the husband; and this is true even though it might have been the wife rather than the husband who actually poured out the liquor. Baggett v. State, 76 Ga. App. 873 (47 S. E. 2d 592); Barron v. State, 46 Ga. App. 829 (169 S. E. 323).

4. Evidence that, while serving his probated sentence, the defendant possessed non-tax-paid liquor in his home, plus the testimony of two witnesses that the defendant sold non-tax-paid liquor to them during such time, was sufficient to authorize a finding that such defendant had not maintained a correct life, but had violated the laws of this State, and the revocation of the probation was authorized.

5. The hearing on the application for the revocation of probation has no relation to the separate indictments charging the same criminal conduct as that upon which the probation sentence is sought to be revoked. Accordingly, the contention of the defendant, as set forth in his response to the effect that the grand jury had indicted him for the same offenses alleged as the basis for the revocation of the probation sentence, and that he is entitled to a jury trial in order to be afforded the opportunity to vindicate himself before the hearing of the revocation petition, is without merit. On the trial of these offenses based on the grand-jury indictments, the evidence must be sufficient to satisfy the jury of his guilt beyond a reasonable doubt. On the other hand, in a revocation proceeding, while there must be some evidence that the defendant has violated the terms of his probation sentence, such evidence need only be sufficient to satisfy the judge hearing the case, in the exercise of his sound discretion, that the defendant has violated the terms of his probation. Allen v. State, 78 Ga. App. 526, 528 (51 S. E. 2d 571).

6. The provisions of the Constitutions of the United States (article III, section II, paragraph III) and of the State of Georgia (article I, section I, paragraph V), insisted on in the brief of counsel for the defendant,

are not before this court. Section 27-2705 of the Georgia Code provides the method of procedure where the revocation of a probation sentence is sought. This section was complied with in this case, and its constitutionality is not under attack.

The judgment of the trial court revoking the probation sentence is without error.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 15, 1953.

*C. H. Dalton,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General,* contra.