35397. JACKSON *v.* THE STATE.

Decided November 30, 1954—Rehearing denied December 16, 1954.

*W. L. Nix*, for plaintiff in error.

*Hope D. Stark, Solicitor-General*, contra.

Townsend, J. ■ It is contended by the defendant, in his demurrers to the petition and by exception to the judgment re-

voking the probation, that this action represents a misjoinder of causes of action, in that it was sought in one action to revoke three probated sentences in three separate and distinct cases, and that the judgment attempting to have this effect is contrary to law. As a matter of fact, only two of the cases are material to this record, the defendant having, at the time of the order of revocation, served more than 12 months on probation. Although the sentences in the original cases, which specified that they were to be served consecutively and not concurrently on probation, failed to specify the order in which they should follow one another, a sequence of service corresponding to the order of cases by number will be implied. Rosso v. Aderhold, 67 Fed. 2d 315. Accordingly, the defendant had served his sentence in case No. 4763 and was serving his sentence in case No. 4764 at the time of the violation alleged and the hearing thereon, and the court had jurisdiction, if the action was otherwise proper, to revoke the probation in case No. 4764.

As to case No. 4922, however, a different question is presented. "One . . . serving a sentence on probation is fulfilling his sentence as effectually as if confined in jail or on the chaingang." Roper v. Mallard, 193 Ga. 684 (2) (19 S. E. 2d 525). Accordingly, and subject only to the differences inherent in the two forms of punishment, a probationary sentence is served in the same manner and subject to the rules of law relating to the service of sentences generally. One such rule is that, where the sentence expressly so states, the punishments for different offenses will be served consecutively rather than concurrently. Code § 27-2510; Long v. Stanley, 200 Ga. 239 (36 S. E. 2d 785). This is equally applicable to misdemeanor cases. Simmons v. Georgia Iron & Coal Co., 117 Ga. 305 (8) (43 S. E. 780, 61 L. R. A. 739). Further, it is a general rule that, where sentences are served consecutively rather than concurrently, the second sentence does not begin until the date of termination of the first sentence, and this applies whether the period of the first sentence is shortened because of good behavior, lengthened because of an escape, or its term otherwise varied. 15 Am. Jur. 125, § 467. It follows that, where a prisoner is serving one of two or more consecutive sentences within the confines of a penitentiary, public-work camp or jail, orders relating to the nature or duration

of his punishment as determined by his conduct within the penal institution affect only the sentence which he is serving, not a sentence upon which he has not yet embarked, and the same rule must apply to orders relating to the nature or duration of the defendant's punishment as determined by his conduct *outside* the penal institution, when he is serving a *probated* sentence. This being so, the court should have entertained only the application to revoke the probation in case No. 4764, sentence in which the defendant was serving, and not attempted to revoke the probationary sentence in case No. 4922, which the defendant was not serving at the time of the commission of the act or the revocation proceedings based thereon. The court had no plenary power over the sentence which had been passed at a former term. See *Gobles* v. *Hayes,* 194 *Ga.* 297 (21 S. E. 2d 624). It had no power to revoke a probated sentence which the defendant was not serving at the time. Therefore it was error to overrule the demurrer attacking the petition for revocation on the ground of misjoinder of actions, and to enter that part of the order of revocation making the judgment applicable to case No. 4922.

■ It was not error to allow the sentence in case No. 4763 to be introduced in evidence at the revocation hearing. The condition of probation in that sentence, that "defendant not violate any laws," is sufficient, when supported by evidence, to authorize a revocation of the probation. *Blaylock* v. *State,* 88 *Ga. App.* 880 (4) (78 S. E. 2d 537). The introduction of the sentences in the other two cases, to which objection is also made, could not have been harmful to the movant.

■ The evidence was ample to sustain the judgment of revocation, there being testimony that the defendant was found at his still in Walton County making liquor in March, 1954, together with a certified copy of his plea of guilty to an accusation charging him with that offense.

The judgment of the trial court revoking the probationary feature of the sentences of the defendant is affirmed insofar as it relates to case No. 4764, sentence in which the defendant was serving at the time of the revocation proceedings, and is reversed as to case No. 4922.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*

### On Motion for Rehearing.

On motion for rehearing it is contended by the plaintiff in error that this court did not specifically pass upon special demurrers to the petition of the solicitor-general, praying that the court revoke the defendant's probationary sentences; and that, in holding that the petition was subject to objection on the ground of misjoinder, this court should have further held that everything which happened subsequently to the erroneous ruling of the trial court on demurrer was nugatory, and should have reversed the sentence of revocation as to both cases instead of only the sentence which the defendant was not yet serving.

Code § 27-2705, dealing with revocation of probation sentences, does not require that any petition for revocation be filed by the solicitor-general or anyone else. The proceeding is initiated under Code provision, either by (a) the probation officer bringing the offender into court (without necessity for a warrant), or (b) under a warrant issued by the court directing that the defendant be arrested and brought before it. It is general practice in this State, and sound practice, for the warrant to be issued by the court on a written petition calling to the court's attention the alleged delinquency, but the only Code requirement is that the defendant receive "due examination," which means that he be given notice and an opportunity to be heard. *Balkcom* v. *Gunn*, 206 *Ga.* 167 (56 S. E. 2d 482); *Lester* v. *Foster*, 207 *Ga.* 596 (63 S. E. 2d 402). There being no requirement that the proceeding be initiated by written petition of the solicitor-general, technical defects in such a petition when filed would not vitiate the warrant issued by the court or subsequent proceedings thereon, provided the requirements of notice and opportunity to be heard are complied with, as they were in this case. The petition is in the nature of a memorandum to the court for its information in deciding whether a warrant should be issued. If relied upon to show notice to the defendant, it must be sufficiently definite to fulfill this function. Of course, where it appears that the information contained in the petition is that upon which the warrant is issued, and where the allegations thereof are insufficient to show a violation of the probation sentence, under such circumstances the question of whether or not a violation of the probation sentence is charged may be tested by a motion to strike the petition and warrant based thereon, or by a general

demurrer in the nature thereof. However, where any part of the petition and warrant are sufficient to allege a violation of the probation sentence sought to be revoked, the proceedings cannot be defeated merely because a part of such petition is subject to special demurrer.