20596. HARRIS *v.* GRIMES, Sheriff and Jailer.

WYATT, Presiding Justice. On March 1, 1955, Willie Harris was given a twelve months' sentence on each count of a two-count indictment charging the offense of bastardy, the two sentences to be served consecutively. The sentences were on the same day suspended on condition that the defendant pay a stated sum per week for the support of the minor children. On May 28, 1959, the trial judge passed an order, after hearing, revoking the suspension and ordering the defendant to serve the

original two sentences. Thereupon, Harris brought his petition for habeas corpus against the sheriff, seeking his release. The trial judge, after a hearing, denied the writ of habeas corpus. The exception here is to that judgment. *Held:*

The question presented is whether or not the trial judge was authorized to revoke a suspended sentence in a bastardy case after the time for which the sentences ran had expired, to wit, two years. The order revoking the suspended sentences of two years was passed more than four years after the sentences were imposed. It is insisted that the language in Ga. L. 1956, pp. 27, 34 (Code, Ann., § 27-2715), gives to the trial court this authority. The particular language that is insisted on reads as follows: "Any other provision of this law [§§ 27-2702 through 27-2723] to the contrary notwithstanding, in all prosecutions for the offense of abandonment or bastardy where the defendant has been convicted either upon a trial or upon his plea and the court has placed the defendant on probation, the court may provide in such probation for suspended sentence terms providing for the support and maintenance of the child or children abandoned during its or their minority, or for the illegitimate child or children until it or they reach the age of 14, as the case may be, . . ." A suspended sentence has the effect of placing the defendant on probation. See Ga. L. 1956, pp. 27, 33 (Code, Ann., § 27-2714). Ga. L. 1956, pp. 27, 31 (Code, Ann., § 27-2709) contains the following language: "The period of probation shall not exceed the maximum sentence of confinement which could be imposed upon such defendant." This language is from the same act as that quoted above. We therefore construe the word "terms" as used in Ga. L. 1956, pp. 27, 34 (Code, Ann., § 27-2715) as having reference to the terms to be imposed on the defendant as to the payment of money for the support of the minor children. This being true, the trial judge would have no right to revoke a suspended sentence after the time the sentence by its terms was to run had expired. It follows, the judgment of the trial court was error and must be

*Reversed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

Argued September 17, 1959—Decided October 9, 1959.

*Vester M. Ownby,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neil, Eugene L. Tiller,* contra.

CANDLER, Justice, dissenting. I cannot agree to the ruling made by the majority in this case and therefore dissent since I am of the opinion that the trial judge was fully authorized by Code (Ann.) § 27-2715 to revoke the suspended sentences which had been imposed on the defendant for two separate offenses of bastardy. This being true, he was properly remanded to the custody of the respondent. I am authorized to say that Chief Justice Duckworth and Justice Hawkins concur in this dissent.