## 40076. TODD v. THE STATE.

Jordan, Judge. Jack Donald Todd on May 13, 1959, entered a plea of guilty in the Superior Court of Fulton County to a nine-count indictment charging him with the offense of burglary and received a sentence of 4 to 5 years to be served on count 1 of said indictment; to be followed by a sentence of one year to one year on count 2 and probated; to be followed by a sentence of 5 to 10 years on count 3 and suspended; to be followed by a sentence of 5 to 10 years on count 4 and suspended; to be followed by consecutive sentences of 4 to 5 years on the remaining counts of the indictment, all of which were suspended. Subsequently, on August 30, 1962, a petition was brought in said court, seeking the revocation of said suspended sentences; and on January 16, 1963, the court after a hearing entered an order which revoked the suspended sentences entered on counts 3 and 4 of the indictment and committed the defendant to the Fulton County jail to await delivery to the proper authorities to serve said sentences.

The exception is to said judgment, it being the sole contention of the defendant that the order complained of is contrary to law since the sentencing court was without authority to revoke said sentences, the terms of which were not in effect at the time of the revocation hearing. *Held:*

1. While the sentencing court retains jurisdiction over any person placed on probation or given a suspended sentence during the term of said sentence and may revoke or rescind any or all of the probationary or suspended features of said sentence during the time originally prescribed for the same to run, the court has no power to amend such sentence or revoke its probationary or suspended feature before the term of said sentence has commenced to run (except in the case of the exercise of the plenary power of the court to amend, modify or rescind judgments during the term of court in which they are entered); and it is error to order the revocation of such sentence, the term of which is not in effect at the time of the purported revocation. *Code Ann.* §§ 27-2709, 27-2714; *Jackson v. State,* 91 Ga. App. 291 (1) (85 SE2d 444).

2. Each succeeding sentence imposed herein would begin upon the date of the termination of the prior sentence, and this applies whether the period of the prior sentence was shortened because of good behavior or its terms otherwise varied. *Jack-*

*son v. State,* 91 Ga. App. 291, supra. It is impossible to ascertain from the record before this court which sentence of the various consecutive sentences imposed upon the defendant in this case was in effect and being served at the time the order of revocation was entered. It is manifest, however, from the record that the terms of the sentences imposed under counts 3 and 4 of the indictment, which sentences were the subject of the instant order of revocation, could not have been in effect at the same time since said sentences were to be served consecutively. Accordingly, since the court was without authority to revoke the probationary or suspended feature of any sentence, the term of which was not in effect at the time of the purported revocation, it follows that the order of revocation complained of was contrary to law, at least in part; and the judgment of the court is therefore reversed with direction that the court may enter a new order of revocation not inconsistent with the rulings herein made.

*Judgment reversed with direction. Nichols, P. J., and Frankum, J., concur.*

DECIDED MAY 13, 1963.

*Walter B. Fincher,* for plaintiff in error.
*William T. Boyd, Solicitor General, E. L. Tiller, Walter Le-Craw,* contra.