### 40371. TODD v. THE STATE.

Jordan, Judge. This is the second appearance of this case which arose out of a proceeding to revoke the probationary or sus-

pended feature of certain consecutive sentences given the defendant under a nine-count indictment to which he entered a plea of guilty on May 13, 1959. In *Todd v. State,* 107 Ga. App. 771 (131 SE2d 201), the judgment of the sentencing court which revoked the suspended feature of the sentences given the defendant under counts 3 and 4 of said indictment was reversed on the ground that the court was without authority to revoke the probationary or suspended feature of a sentence which was not in effect and being served at the time of the purported revocation. The case was remanded to the sentencing court and a second revocation hearing was held on June 27, 1963; and a new order was entered revoking the probationary feature of the sentence given to the defendant under count 2 of the indictment, the sentence given under count 1 of the indictment having expired on June 12, 1963.

The defendant has excepted to this judgment on the ground that the sentencing court was without authority to revoke the probationary feature of said sentence since the sentence was not in effect and being served by the defendant at the time of his alleged commission of the unlawful acts upon which the revocation proceeding was predicated. *Held:*

Under the ruling of this court in *Jackson v. State,* 91 Ga. App. 291 (1) (85 SE2d 444), a probated or suspended sentence may be revoked provided the sentence being revoked is in effect and being served at the time the order of revocation is made. This is true even though the *act* upon which the revocation is based was committed *prior* to the date the defendant actually begins serving such probated sentence, but after the date of the imposition of the sentence, as was the factual situation in *Jackson v. State,* supra, and which exists here.

The sentencing judge retains jurisdiction over the probated person during the entire term of such probated sentence, but of course cannot revoke any sentence which has expired at the time the revocation proceedings are had nor revoke any future sentence which has not begun to run at the time of such revocation proceedings. _Code Ann. § 27-2709; *Reed v. State,* 101 Ga. App. 714 (115 SE2d 270); *Harris v. Grimes,* 215 Ga. 373 (110 SE2d 747); and *Todd v. State,* 107 Ga. App. 771, supra.

Accordingly, since the record in this case discloses that the only sentence revoked was the one which the defendant was serv-

ing at the time the revocation order was passed, and sufficient cause for revocation being shown at the hearing, there was no error in the court below and the judgment must be affirmed.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED NOVEMBER 5, 1963.

*Walter B. Fincher*, for plaintiff in error.
*William T. Boyd, Solicitor General, J. Walter LeCraw*, contra.