23468.   DANIEL v. WHITLOCK, Warden.

ARGUED MAY 10, 1966—DECIDED MAY 26, 1966.

*G. Hughel Harrison,* for appellant.

*Walter D. Sanders, Sanders, Mottola & Haugen, Willis G. Haugen,* for appellee.

GRICE, Justice. His habeas corpus petition having been dismissed upon general demurrer, Milton Daniel appealed that ruling to this court. The petition, filed in the Superior Court of Coweta County, was against J. W. Whitlock, as warden of the public works camp of that county. The basis of petitioner's claim of illegal detention is an order revoking the suspension of

service of his original sentence. He asserts that this revocation was ordered after the original sentence had expired.

The original sentence, for the offense of abandonment of minor children, was entered on September 18, 1961, in the Superior Court of Gwinnett County. It contained, in material part, the provisions which follow. The petitioner was sentenced to serve three years in the public works camp, but such sentence was suspended and he was placed on probation on that date for an indeterminate time. He was directed to comply with nine specified conditions of probation, to defray costs of court and to pay "as support and maintenance for his minor children the sum of $100.00 per month." It further provided that "the above sentence is hereby suspended as long as the defendant complies with the above payments," and stated that violation of any condition of probation would subject the petitioner to arrest. Lastly, it declared that if the probation was revoked the court could order execution of the original sentence or any portion thereof.

The revocation order of November 3, 1965, recited that upon a hearing the court found that the terms of probation had been violated by petitioner's failure to comply with the support requirement and by his absconding, and ordered that the probation provisions of the original sentence be revoked and that the petitioner be required to serve three years in the penitentiary or such other place as the Board of Corrections might direct.

The petitioner's contentions, as shown by his seven enumerated errors, make two main issues. First, was the November 3, 1965, order revoking the suspension of the original September 18, 1961, three-year sentence void in that such sentence had expired? Second, was such revocation order void in that the original sentence was vague, indefinite and without measure or standard as to time in so far as the support requirement was concerned?

■ We must reject the petitioner's contentions on the first issue, whether or not revocation of the suspension of service of the original three-year sentence was void because more than three years had elapsed since such sentence was entered.

The original sentence and the subsequent revocation of the suspension of its service were in conformity with a significant 1960 amendment (Ga. L. 1960, p. 1148; *Code Ann.* § 27-2709)

■

to Section 8 of the Statewide Probation Act (Ga. L. 1956, p. 27).
The amendment added after the words "The period of probation
shall not exceed the maximum sentence of confinement which
could be imposed upon such defendant," the following language:
". . . except that in a prosecution for and conviction of the
offense of abandonment, the trial court may suspend the service
of the sentence imposed in the case upon such terms and con-
ditions as it may prescribe for the support by the defendant of
the child or children abandoned, respectively, during the minor-
ity of such child or children, respectively, and service of such
sentence when so suspended shall not begin unless and until
ordered by the court having jurisdiction thereof, after a hearing
as in cases of revocation of probated sentences, because of the
failure or refusal of the defendant to comply with the terms and
conditions upon which service of such sentences was suspended
. . . Service of any sentence so suspended in abandonment
cases may be ordered by the court having jurisdiction thereof
at any time before such child or children, respectively, reach
the age of twenty-one years . . . after a hearing as herein-
before provided and a finding by such court that the defendant
has failed or refused to comply with the terms and conditions
upon which service of such sentence was suspended by the court
having jurisdiction thereof . . ."

By virtue of this amended statute the trial court, upon finding
that the petitioner had not complied with the terms and condi-
tions upon which service of the original sentence was suspended,
was authorized to revoke such suspension. See, for same holding
under similar 1941 statute, *Popham v. Spears,* 204 Ga. 759 (51
SE2d 845) (one Justice disqualified).

Petitioner's contentions on this issue are based chiefly upon
the 1959 decision of this court in *Harris v. Grimes,* 215 Ga. 373
(110 SE2d 747), in which four Justices construed Sections 8, 13
and 14 of the 1956 Statewide Probation Act (Ga. L. 1956, p. 27)
and held that the trial judge did not have power "to revoke a
suspended sentence after the time the sentence by its terms was
to run had expired." That decision, not being full bench, is
not a binding precedent upon this court. Also, it was planted
squarely on those sections as they existed before the 1960 ma-

terial amendment to Section 8 (Ga. L. 1960, p. 1148; *Code Ann.* § 27-2709), referred to, supra.

■ Nor was the original sentence vague and for that reason void, as contended. It was not void for vagueness as to duration of the support payments ordered for petitioner's "minor children." This feature follows the language of the statute, quoted supra, which provides that in abandonment cases the trial court may order the support of the child or children abandoned, "during the minority of such child or children . . ." That the original sentence did not provide the names or ages of the minor children was of no consequence, since the petitioner, as their father, was presumed to know that, no allegations being made to the contrary.

*Judgment affirmed. All the Justices concur.*