## 31168. PARRISH v. AULT.

GUNTER, Justice.

This appeal is from a judgment that denied appellant's application to the court for a judgment that would compel the appellee to recompute appellant's imposed sentence or sentences in accordance with Code Ann. § 77-320. Having been denied the relief sought in the trial court, the appellant has come here for review.

Appellant was originally sentenced on four felony counts. On the first count he received a sentence of five years, three to be served in prison and two on probation. On the other three counts, three five-year concurrent sentences were imposed, but the three concurrent sentences were consecutive to the sentence imposed on Count 1. This meant that the appellant received a sentence or sentences totaling ten years, the first three years to be served in prison, the next two years to be served on probation, and the final five years on probation. Whether this be considered one sentence or four sentences is immaterial for practical purposes. The ten years was imposed by the same trial judge at the same time.

During the two-year probationary period, the

appellant violated the conditions of his probation; a hearing was held before the trial court that imposed the ten years; and appellant's probation was revoked by the trial court.

Appellant now contends that only his two-year probation was revoked, that his five-year probation period was not revoked, and that the trial court was without jurisdiction to revoke the five-year sentence of probation because the time for the beginning of that sentence had not been reached at the time of the entry of the revocation judgment.

In addition to relying on the language used in the sentencing judgment and the revocation judgment, the appellant relies on *Todd v. State,* 107 Ga. App. 771 (131 SE2d 201) (1963) and *Todd v. State,* 108 Ga. App. 615 (134 SE2d 56) (1963). Those two cases held that a trial court was without authority to revoke a probated sentence until the time for the probated sentence to begin had actually arrived. The Court of Appeals held there that a trial court could not revoke a probated sentence that was to commence at some time in the future.

In 1974 the legislature provided for judge-imposed sentences and said: "The judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he deems proper. Said judge shall also be empowered to revoke said suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court." Code Ann. § 27-2502.

The Court of Appeals, in the two decisions cited above, based its decision on Code Ann. § 27-2709. No reference was made to Code Ann. § 27-2502 as it existed prior to its revision by the 1974 legislature.

We conclude that by reading both of these statutory provisions together, a trial judge can revoke a probated sentence that is to begin at a future date. It makes no sense to us to construe these statutes to mean that a convicted felon must begin serving his probated sentence before there can be a revocation of probation.

To the extent that the two Court of Appeals decisions are to the contrary, they are disapproved and will not be followed.

We also conclude that the language used in the sentencing judgment and the language used in the revocation judgment meant that the sentencing court revoked all probation, and the appellant was to serve the remainder of his imposed ten years in prison with only statutory "good time" allowed, Code Ann. § 77-320.

The judgment below denying the relief sought by the appellant was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 7, 1976.

*James C. Bonner, Jr.,* for appellant.
*John R. Strother, Jr.,* for appellee.