### 56975. ROBERTS v. THE STATE.

WEBB, Judge.

The probation sentence of Johnny Roberts was revoked at a hearing on May 9, 1978 for a violation of the terms of probation which had occurred on the previous April 3 while he was serving a parole sentence and prior to the commencement of his probated sentence on April 25. He has appealed, charging that the trial judge was without jurisdiction to revoke his probation for an offense which occurred during a period of parole and before his probated sentence had commenced to run. We disagree with his contention, and affirm.

This court held in *Todd v. State,* 107 Ga. App. 771 (131 SE2d 201) (1963) and 108 Ga. App. 615 (134 SE2d 56) (1963) that while the sentencing judge retains jurisdiction over the probated person during the entire term of such probated sentence, he cannot revoke any further sentence which has not begun to run at the time of such revocation proceedings, citing Code Ann. § 27-2709.

Subsequently the Supreme Court in *Parrish v. Ault,* 237 Ga. 401 (228 SE2d 808) (1976) concluded, by reading Code Ann. §§ 27-2502 and 27-2709 together that "a trial judge can revoke a probated sentence that is to begin at a future date. It makes no sense to us to construe these statutes to mean that a convicted felon must begin serving his probated sentence before there can be a revocation of probation. To the extent that the two Court of Appeals decisions [*Todd*] are to the contrary, they are disapproved and will not be followed."

Appellant Roberts argues that Code Ann. § 27-2502 relied upon by the Supreme Court in *Parrish v. Ault,* supra, was not effective until March 20, 1974, that the offenses for which he was convicted had occurred March 6 and 18, 1974, and that *Parrish* and § 27-2502 are not applicable. We disagree. That part of Code Ann. § 27-2502 quoted by the Supreme Court in *Parrish* was already in existence at the time of the 1974 Act. Furthermore, at the

time of the revocation hearing, May 9, 1978, Roberts had already begun serving his probated sentence, April 25. This is not in conflict with *Todd v. State,* 108 Ga. App. 615, supra.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 15, 1979.

*Rodger E. Davison,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.