[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10303
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01296-AT

DARRIN WILLIAMS,

Plaintiff-Appellant,

versus

DAWN MORAHAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 11, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Darrin Williams appeals the district court's dismissal, based on

qualified immunity, of his 42 U.S.C. § 1983 malicious prosecution claim

against Probation Officer Dawn Morahan. After review of the record and the parties' briefs, we affirm.

## I.

On March 30, 2007, Mr. Williams was convicted of cocaine possession in the Superior Court of Gwinnett County, Georgia. He was given first offender status and sentenced to two years of probation. Based upon credit for time served, his sentence was set to expire on January 13, 2009. That sentence was later shortened by three months so as to terminate on October 13, 2008.

On August 12, 2008, Mr. Williams was incarcerated on suspicion of committing two disorderly conduct offenses that violated the terms of his probation. Although he had not been adjudicated guilty of the disorderly conduct offenses, he mistakenly remained incarcerated after his cocaine possession probationary term had expired. On November 10, 2008, Officer Morahan petitioned the superior court for an adjudication of guilt on Mr. Williams' disorderly conduct offenses. At the time, Mr. Williams had not yet been released even though his cocaine possession probationary term expired nearly one month earlier. In her petition, Officer Morahan incorrectly stated that Mr. Williams' term was set to expire on March 30, 2009—two years after his original sentencing date—based on a

2

miscalculation that failed to give Mr. Williams credit for both time served and the fact that his sentence had been shortened by three months.

On December 5, 2008, the court held a hearing to address Mr. Williams' alleged probation violations. The court found that Mr. Williams was in violation of his probation, but did not adjudicate him guilty of the disorderly conduct offenses. The superior court's order incorrectly listed the expiration date for Mr. Williams' probationary term as March 30, 2009. The court sentenced Mr. Williams to serve the rest of that time at a work release program.

On December 10, 2008, Mr. Williams failed to report for the work release program. On December 28, 2008, Officer Morahan obtained a warrant for Mr. Williams' arrest for violation of probation on the ground that he had committed felony escape under GA. CODE ANN. § 16-10-52. In February of 2009, Officer Morahan represented to the court that an officer had filed a return of the warrant because Mr. Williams could not be found in the county. Based on that representation, the court ordered Mr. Williams' probationary sentence to be tolled pursuant to GA. CODE ANN. § 42-8-36(a).

On March 10, 2009, Mr. Williams was arrested and incarcerated on misdemeanor and escape charges. On April 30, 2009, Officer Morahan filed a petition alleging that Mr. Williams' purported escape was a violation of the

terms and conditions of his probation. Her petition incorrectly stated that Mr. Williams' probationary term was set to expire on June 4, 2009, and recommended that Mr. Williams be adjudicated guilty of escape and re-sentenced to five years' imprisonment (with 24 months to be served). At a hearing held on May 7, 2009, the superior court relied on Officer Morahan's representations, revoked Mr. Williams' probation, adjudicated him guilty of escape, and re-sentenced him to two years' incarceration with credit for time served since March 10, 2009.

On May 11, 2009, a staff member from the superior court called Officer Morahan and inquired about a discrepancy concerning the date listed in her petition for when Mr. Williams' probationary term would expire. There is no indication that Officer Morahan responded to this inquiry. Sometime thereafter, the superior court requested Sharon Cashin, Chief Probation Officer for the Georgia Department of Corrections, to look into whether Mr. Williams' sentence had been miscalculated. On January 20, 2010, Officer Cashin sent a letter to Field Operations Supervisor Michael Kraft, which explained that Mr. Williams' probation had expired in October of 2008 and that his wrongful incarceration could be attributed to Officer Morahan's miscalculation. The next day, Officer Morahan responded to

4

Officer Cashin's letter. She stated that her miscalculation was an honest mistake, and was not done with any malicious intent.

On January 21, 2010, Mr. Williams filed a motion to declare his sentence null and void. The superior court granted the motion, and Mr. Williams was released from custody. The Department of Corrections disciplined Officer Morahan for her miscalculation with a one-year, five-percent pay reduction; it also noted in her adverse action file that Officer Morahan appeared to minimize the seriousness of the matter.

On December 6, 2010, Mr. Williams filed a complaint in state court asserting § 1983 claims against Officer Morahan and other defendants.[1] The case was removed to federal district court. Officer Morahan later filed a motion to dismiss, which argued that Mr. Williams' amended complaint failed to establish the necessary elements of a malicious prosecution claim or, alternatively, that she was entitled to either qualified immunity or absolute quasi-judicial immunity. The district court ruled that Officer Morahan was entitled to qualified immunity, and dismissed Mr. Williams' amended complaint.[2] This appeal followed.

---

[1] The other defendants are not parties on appeal.

[2] The district court also concluded that Mr. Williams had alleged sufficient facts to state a malicious prosecution claim against Officer Morahan. But it did not address whether Officer Morahan was entitled to absolute quasi-judicial immunity. Given our disposition, we do not address either issue on appeal.

5

**II**.

We review *de novo* the district court's dismissal based on qualified immunity, accepting Mr. Williams' allegations as true and drawing reasonable inferences in his favor. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Under well-established precedent, Officer Morahan is entitled to qualified immunity unless Mr. Williams can show that (1) she violated his constitutional rights, and (2) this right was clearly established at the time of the violation. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). On appeal, we only address whether it was clearly established in late 2008/early 2009 that Officer Morahan's alleged conduct violated Mr. Williams' constitutional rights because our resolution of that issue is dispositive of this case. *See Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

A right is clearly established if the officer—"at the pertinent time and given the specific circumstances of this case—had fair notice that [her] conduct would violate clear federal law." *Long v. Slaton*, 508 F.3d 576, 584

6

(11th Cir. 2007). In the qualified immunity context, "clear federal law" is a term of art defined as "either (1) earlier case law from the Supreme Court, this Court, or the highest court of the pertinent state that is materially similar to the current case . . . or (2) general rules of law from a federal constitutional or statutory provision or earlier case law that applie[s] with obvious clarity to the circumstances." *Id*. at 584.

As an initial matter, we note that Mr. Williams has not cited to any controlling, materially similar case law suggesting that a probation officer's sentence miscalculation constitutes a constitutional violation. First, Mr. Williams relies on the Department of Corrections' standard operating procedures, two decisions from the Georgia Court of Appeals—*Todd v. State*, 134 S.E.2d 56 (Ga. App. 1963) and *Reed v. State*, 115 S.E.2d 270 (Ga. App. 1960)—and various provisions of Georgia state law. None of those authorities, however, can create clearly established law for purposes of federal qualified immunity analysis. *See Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1033 n.10 (11th Cir. 2001) (en banc). *Cf. Virginia v. Moore*, 553 U.S. 164, 128 S. Ct. 1598 (2008) (holding that an officer's violation of state law does not necessarily qualify as a federal constitutional violation). Second, Mr. Williams only relies on decisions from the Supreme Court and this court articulating the general standard for probable cause. Third, the two

Georgia Supreme Court decisions that Mr. Williams cites to are not materially similar. *See Harris v. Grimes*, 110 S.E.2d 747 (Ga. 1959); *State v. Mills*, 495 S.E.2d 1 (Ga. 1998). Both of these decisions stand for the proposition that, once an offender's sentence is complete, the state cannot revoke probation or impose additional penalties for that same crime. Neither case deals with a circumstance where a state official was mistaken as to when a sentence would be completed.

Mr. Williams' argument, therefore, relies exclusively upon whether Officer Morahan's alleged conduct violated the Fourth Amendment with obvious clarity. *See Long*, 508 F.3d at 584. We hold that it does not because, at the time Officer Morahan filed her revocation petitions, there were published decisions from this court granting absolute immunity to probation officers who were alleged to have made material misrepresentations that impacted the offender's sentence. *See Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979) ("We hold that a probation officer is entitled to the same protection [of absolute immunity] when preparing and submitting a presentence report in a criminal case."); *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir. 1984) (dismissing suit against federal probation officer alleged to have falsified facts in a presentence investigation report and stating that "[t]he immunity extended . . . to a federal probation officer

8

would be *equally applicable to a state probation officer*") (emphasis added); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (holding that "parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties"). Although we do not decide today whether Officer Morahan is entitled to absolute immunity, these cases preclude a finding that she "had fair notice that [her] conduct would violate clear federal law." *Long*, 508 F.3d at 584.

In sum, it was not clearly established in late 2008/early 2009 that Officer Morahan's alleged conduct—while certainly disturbing and not cause for commendation—would subject her to liability under § 1983. The district court did not err in dismissing the malicious prosecution claim based on qualified immunity.

**AFFIRMED**.

9