[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12979
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00016-WMR-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IGNACIO ORTIZ-CORREA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 19, 2019)

Before WILLIAM PRYOR, JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

Ignacio Ortiz-Correa appeals his 12-month prison sentence, imposed for

illegally reentering the United States after having been previously deported.  On

appeal, he argues that the district court imposed a procedurally unreasonable

sentence because, in calculating his offense level, it applied an eight-level enhancement under U.S.S.G. § 2L1.2(b)(3)(B) after finding that Ortiz-Correa was previously convicted of a crime for which he received a two-year sentence. After thorough review, we affirm.

In the context of the Sentencing Guidelines, we review purely legal questions de novo and the district court's factual findings for clear error. United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010). "For a finding to be clearly erroneous, [we] must be left with a definite and firm conviction that a mistake has been committed." Id. (quotations omitted).

A defendant convicted of illegally reentering the United States receives an eight-level enhancement if the defendant was ordered removed and was subsequently convicted of a crime for which the sentence imposed was two years or more. U.S.S.G. § 2L1.2(b)(3)(B). A defendant convicted of illegally reentering the United States receives a four-level enhancement if the defendant was ordered removed and was subsequently convicted of a crime for which the sentence imposed was less than one year and one month. Id. § 2L1.2(b)(3)(C)-(D).

The term "sentence imposed" carries the same meaning as "sentence of imprisonment" in § 4A1.2(b) and that section's Application Note 2. Id. § 2L1.2, comment. (n.2). "[S]entence of imprisonment" is defined as: "(1) . . . a sentence of incarceration and refers to the maximum sentence imposed. (2) If part of a sentence

of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." Id. § 4A1.2(b).  Furthermore,

> [t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . .  For the purposes of applying §4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., in the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years . . . .  That is, criminal history points are based on the sentence pronounced, not the length of time actually served.  See §4A1.2(b)(1) and (2).

Id. § 4A1.2, comment. (n.2) (citation omitted).

Under Georgia law, a sentencing judge has the power to "suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper" subject to exceptions not applicable to this case.  O.C.G.A. § 17-10-1(a)(1).  We have recognized that "suspension" under Georgia law is ambiguous and, thus, the federal meaning of the word applies.  See United States v. Ayala-Gomez, 255 F.3d 1314, 1319 (11th Cir. 2001) (holding that a state court sentence of five years' imprisonment where the defendant was only to serve eight months before being released on probation was a suspended sentence for purposes of a federal immigration statute).  We held that the federal meaning of suspension was "a procedural act that precedes a court's authorization for a defendant to spend part or all of the imposed prison sentence outside of prison" on probation.  Id. at 1318-19.

3

While suspension and probation are similar in Georgia, they are distinct because a probation officer enforces conditions of probation whereas the sentencing court enforces conditions of suspension.  Id. at 1318.  A suspended sentence "is not subject to the panoply of rules surrounding probation."  Id.  Where a suspended sentence is revoked, "the effect . . . is to require service of the unexpired portion thereof."  Lester v. Foster, 63 S.E.2d 402, 402 (Ga. 1951) (quotation omitted).  A suspended sentence may be revoked "after the time the sentence by its terms was to run had expired."  Daniel v. Whitlock, 149 S.E.2d 79, 79-81 (Ga. 1966) (quotation omitted).

Here, the district court did not clearly err in applying an eight-level enhancement because it properly found that Ortiz-Correa had been convicted of a crime for which a two-year sentence was imposed.  Section 2L1.2(b)(3) mandates either an eight-level enhancement or a four-level enhancement depending on what sentence was imposed for Ortiz-Correa's 2009 drug offense.  Section 4A1.2 states that a sentence of imprisonment refers to the maximum sentence imposed.  Here, the state court imposed a sentence of two years' imprisonment, which was the maximum sentence imposed.  Although Ortiz-Correa served less than two months in prison, the focus is not on the time served but rather the sentence that was pronounced, which in this case was two years' imprisonment.  See U.S.S.G. § 4A1.2, comment.

(n.2). Thus, the sentence imposed was two years' imprisonment and the eight-level enhancement mandated by § 2L1.2(b)(3)(B) would apply.

As for Ortiz-Correa's argument that his two-year sentence was suspended when he was deported, we disagree. While the state court observed that the sentence would be tolled upon Ortiz-Correa's deportation, the court added that the sentence would be reactivated upon his reentry to the United States. That language reveals that the state court did not intend to excuse Ortiz-Correa from spending two years in prison because, under the plain meaning of the state court's sentence, if Ortiz-Correa reentered the United States, even after ten years, he would serve at least the remainder of his two-year sentence in prison. See Whitlock, 149 S.E.2d at 79-81. In any event, the state court did not know for certain that Ortiz-Correa would be deported because his deportation was at the Attorney General's discretion, meaning that the state court sentenced him with the knowledge that he could spend the full two years in prison. See United States v. Romeo, 122 F.3d 941, 944 (11th Cir. 1997) (holding that the United States Attorney General has the discretion to deport an alien from the United States, and a court generally lacks the authority to order deportation); see also Palciauskas v. U.S. Immigration & Naturalization Serv., 939 F.2d 963, 968-69 (11th Cir. 1991). The state court's order that Ortiz-Correa's sentence would be reactivated if he was deported and returned to the country thus indicates that the state court did not impose a suspended sentence.

5

That Ortiz-Correa was to be placed on eight years' probation after spending two years in prison further indicates that a suspended sentence was not imposed. Georgia law makes clear that probation and suspension, although similar, are separate mechanisms. See Ayala-Gomez, 255 F.3d at 1318; Hughes v. Town of Tyrone, 440 S.E.2d 58, 59 (Ga. 1994) ("A suspended sentence is not the same as being put on probation."). Accepting Ortiz-Correa's interpretation of the sentence, he received both a suspended sentence and also a probated sentence, which Georgia law does not allow. See O.C.G.A. § 17-10-1(a)(1) (stating that a judge can suspend or probate a sentence); Jones v. State, 269 S.E.2d 77, 77-79 (Ga. 1980) ("A trial judge is granted power and authority to suspend or probate a determinate sentence. He does not have authority to do both." (citation and quotations omitted)). Because Georgia law does not allow a state court to impose both probation and a suspended sentence, Ortiz-Correa could not have received a suspended sentence.

In short, the eight-level enhancement was proper because Ortiz-Correa received a two-year sentence imposed for his 2009 drug conviction, and that sentence was not suspended. Accordingly, we affirm.

**AFFIRMED**.

6